Marcus THREADGILL *v.* STATE of Arkansas

CR 01-785 69 S.W.3d 423

Supreme Court of Arkansas
Opinion delivered March 14, 2002

Arkansas Public Defender Commission, by: *Latrece Gray* and *Lott Rolfe*, for appellant.

*Mark Pryor*, Att'y Gen., by: *John Ray White*, Deputy Att'y Gen., for appellee.

R AY THORNTON, Justice. Appellant, Marcus Threadgill, was convicted in Miller County Circuit Court of first-degree murder and sentenced to thirty-three years' imprisonment. Appellant appealed his conviction to the court of appeals, asserting two arguments: (1) that the trial court erred when it allowed the introduction of extrinsic evidence to impeach a witness who had admitted that she lied when she gave a statement to police, and (2) that the trial court erred in admitting the eyewitness testimony of Christopher Parker. The court of appeals affirmed the conviction. *See Threadgill v. State*, 74 Ark. App. 301, 47 S.W.3d 304 (2001).

■ We granted appellant's petition for review, pursuant to Ark. Sup. Ct. R. 1-2(e)(ii). When we grant a petition for review of a decision from the court of appeals, we review the findings of the trial court as though the appeal had originally been filed with this court. *Laime v. State*, 347 Ark. 142, 60 S.W. 3d 464 (2001). We find no reversible error, and we affirm the trial court for somewhat different reasons than those relied upon by the court of appeals.

Appellant does not challenge the sufficiency of the evidence to support the conviction, so our recitation of the facts will be concise. Appellant stipulated that he was in the car being driven by the victim, Larry Roberson, at the time the victim was shot in the back of his head. Christopher Parker testified that he was riding in the passenger seat and that the appellant, who was in the back seat, shot the victim. Forensic evidence showed that the victim, while seated in the driver's seat, was killed by a bullet that entered the back of his head and exited toward the steering wheel.

Witness for the State, Tequila Hall, made a taped statement to the police where she stated that she overheard the appellant say that he "shot that dude." At trial, Ms. Hall testified that she did not

remember overhearing such a statement by appellant; further that she did not remember making any statement to the officers; and that if she did make such a statement, she was lying, in an effort to get the police to leave her alone. The trial court ruled that the taped statements (exhibits 25 and 26) were admissible to impeach the witness on the basis of her prior inconsistent statements.

Appellant's first point on appeal asserts that the trial court committed reversible error in allowing the use of Hall's earlier inconsistent statements to improperly impeach a witness. Before reaching the merits of this contention, we note that the State argues that no proper objection to the use of this earlier statement was timely made by appellant.

We will not consider an argument raised for the first time on appeal. *Ayers v. State*, 334 Ark. 258, 975 S.W.2d 88 (1998). To preserve an argument for appeal, there must be an objection in the trial court that is sufficient to apprise the court of the particular error alleged. *Id*. Furthermore, the basis for objection on appeal must be the same basis for objection as at the trial court level. *Id*.

In the case before us, appellant objected to the admission of Tequila Hall's taped statement, exhibit 25, on the basis of Ark. R. Evid. 613(b). We review allegations of evidentiary errors under the abuse-of-discretion standard. *Parker v. State*, 333 Ark. 137, 968 S.W.2d 592 (1998). The trial court has broad discretion in its evidentiary rulings; hence, the trial court's findings will not be disturbed on appeal unless there has been a manifest abuse of discretion. *Id*.

Arkansas Rule of Evidence 613(b) states:

Extrinsic evidence of a prior inconsistent statement by a witness is not admissible unless the witness is afforded an opportunity to explain or deny the same and the opposite party is afforded an opportunity to interrogate him thereon, or the interests of justice otherwise require. This provision does not apply to admissions of a party-opponent as defined in Rule 801(d)(2).

Appellee contends that at trial the basis for objection was Ark. R. Evid. 613(b), and therefore any other objection the Appellant may assert upon review has not been preserved. Appellant agrees that the objection was based on 613(b), but contends further that the objection asserted upon review, is based upon an interpretation of Rule 613(b) as established by case law. We agree that the

issue of the admissibility of Hall's first taped statement, exhibit 25, was properly raised for our review by the appellant's objection on the basis of Rule 613(b) and we turn to the merits of the trial court's ruling.

 ██ Rule 613 of the Arkansas Rules of Evidence permits extrinsic evidence of prior inconsistent statements of a witness for the purpose of impeachment if the witness is afforded the opportunity to explain or deny the statement, and does not admit having made it, and the other party is afforded the opportunity to interrogate the witness on that statement. *Kennedy v. State*, 344 Ark. 433, 42 S.W.3d 407 (2001). If the witness, however, admits making the prior inconsistent statement, then extrinsic evidence of that statement is not admissible. *Id*; *Ford v. State*, 296 Ark. 8, 753 S.W.2d 258 (1988); *Gross v. State*, 8 Ark. App. 241, 650 S.W.2d 603 (1983). Here, Ms. Hall did not unequivocally admit that her prior statement to the police was a lie. She testified that she could not remember her earlier testimony and then stated that she did not remember making the statement, or, that if she made the statement it was a lie. The following colloquy occurred:

> STATE'S ATTORNEY: Okay. But you don't remember telling any of those officers that this defendant told you he shot that dude?

> MS. HALL: No. If I said it, it's not true.

> STATE'S ATTORNEY: Okay. Why would you go to the police and tell them something that wasn't true?

> MS. HALL: Because at the time I was scared. I had, I've been in trouble myself. I had a lot of stuff on me, and I figured I would get in trouble, or they might use that against me or somethin'.

Her testimony left doubt as to whether she admitted that the earlier statement was a lie, as required by the case law interpreting Rule 613(b). Under the circumstances, the trial court was not in error, nor did it abuse its discretion in admitting exhibit 25 for purposes of impeachment of her own testimony at trial. On that point, we affirm the trial court.

The trial court also admitted exhibit 26, Tequila Hall's taped statement from May 14, 1998. However, the issue of admissibility of the statement pursuant to Rule 613(b) was raised for the first time on appeal, and as previously noted, we have held that "[t]he supreme court will not consider an argument raised for the first

time on appeal; to preserve an argument for appeal, there must be an objection in the trial court that is sufficient to apprise the court of the particular error alleged." *Ayers, supra.*

At the trial, the Appellant objected to the second taped statement of Ms. Hall, exhibit 26, as "cumulative and unnecessary" and on appeal sought to make two new objections: first, on the basis of 613(b), exactly as presented in regard to the first taped statement, and second, that the witness had already admitted this particular inconsistent statement. Appellee argues that the Appellant did not make a Rule 613(b) objection to the second tape, nor did he make an objection based on the grounds that the witness had already admitted this particular inconsistent statement. Indeed, the colloquy reveals that neither ground was raised:

MR. ROLFE: I would object. It's cumulative and unnecessary.

THE COURT: This is offered for what purpose, Mr. Haltom?

MR. HALTOM: The same purpose. That she made statements to the police saying that Mr. Threadgill killed Mr. Roberson on the different occasions.

THE COURT: Separate statements to law enforcement?

MR. HALTOM: Yes, sir.

MR. ROLFE: Same statement, just different occasions.

MR. HALTOM: Well, if they want to stipulate to the statements made, we don't need to play the tape. I mean, otherwise, it's for impeachment. Prior inconsistent statements. When you have the defendant telling the witness they killed somebody, that's pretty important for this trial.

MR. ROLFE: Judge, I've raised my objection already.

MR. HALTOM: We'll stand on our contention that it's relevant. Very relevant.

THE COURT: The objection is overruled. Two statements are not so cumulative as to waste the Court's time. You may play it.

■ Clearly, the trial court understood the objection as being based on efficiency and avoiding redundant testimony, and appellant did not clarify his objection, impliedly assenting to the court's interpretation. On appeal, appellant based his new argument on Rule 613(b) and asserts that the taped statement was offered for impeachment purposes, not to refresh memory. This is a new objection to exhibit 26 that was not raised below, and therefore we do not consider it.

The State agreed with appellant that the issue of Sabrina Maxwell Herron's testimony was preserved for appeal, and the objection based on hearsay and improper impeachment was timely. Though allowing Ms. Herron to testify to Ms. Hall's prior statement to her notwithstanding an objection that the testimony was hearsay, the trial court did not abuse its discretion. The colloquy gives the context of the objection:

> MR. HALTOM: Did you ever have an opportunity around 1998, to have a conversation with Tequila Hall in regard to Mr. Roberson's death?
>
> MS. HERON: Yes, sir.
>
> MR. ROLFE: Your Honor, at this time, I would object as to hearsay.
>
> THE COURT: Offered for impeachment, I assume?
>
> MR. HALTOM: Yes, sir.
>
> MR. JONES: Yes, sir.
>
> THE COURT: Overruled.

■ ■ Abuse of discretion is a high threshold that does not simply require error in the trial court's decision, but requires that the trial court act improvidently, thoughtlessly, or without due consideration. *Nazarenko v. CTI Trucking Co., Inc*, 313 Ark. 570, 856 S.W.2d 869 (1993). Here, the court erred, but we cannot say that the trial court's action in admitting a statement for the purpose of impeachment was improvident, thoughtless, or without due consideration. We conclude that the trial court's actions do not require reversal as an abuse of its discretion.

■ Next, we address the issue of whether the cumulative prejudicial effect of the exhibits and Ms. Herron's testimony was enough to constitute reversal. The court of appeals has recently refused to find prejudicial error when the evidence in question was merely cumulative to other evidence admitted at trial. *Camp v. State*, 66 Ark. App. 134, 991 S.W.2d 611 (1999). Furthermore, prejudice is not presumed. *Llewellyn v. State*, 4 Ark. App. 326, 630 S.W.2d 555 (1982). The appellate court will not reverse absent a showing of prejudice. *Id.*

■ Ms. Herron's testimony was cumulative of what had already been presented in her first recorded statement. In *Camp,* the court of appeals specifically held that merely cumulative evidence was not prejudicial. We agree and adopt the principle articulated by the Court of Appeals in *Camp, supra,* and in *Llewellen, supra.* Appellant in this case is required to show prejudice, but does not support that required showing. Appellant simply argues that all three items of extrinsic evidence were unnecessary and cumulative, and that if they had all been excluded, the State would have been left with very little evidence. Appellant speculates that he might have received a directed verdict or less than a thirty-three-year sentence. Appellant's objection, however, to the first recorded statement as being cumulative in nature was not raised before the trial court, and therefore he cannot now raise that argument on appeal. As we have already pointed out, Appellant's objection to the second recorded statement was not preserved for appeal. Finally, we note that Sabrina Maxwell Herron's testimony was repetitive of exhibit 25, but as explained in *Camp, supra,* merely cumulative evidence is not prejudicial.

We now turn to the remaining issue on appeal: whether the trial court abused its discretion by refusing to exclude the testimony of Christopher Parker as a sanction against the prosecutor for violating discovery and for engaging in prosecutorial misconduct. The trial court refused to exclude Christopher Parker's testimony, but rather afforded the appellant wide latitude in cross-examination of the police officers to remedy discovery violations. The State argues that there was no abuse of discretion because the appellant presented no evidence of bad faith on the part of the prosecutor, as required to prove prosecutorial misconduct, nor did appellant present evidence of prejudice.

■ With respect to a similar argument relating to a failure to disclose the intention to call an expert witness, we have held that the appellant must show not only bad faith on the part of the

prosecutor, but also that the breach of duty to disclose caused prejudice severe enough to undermine confidence in the outcome of the trial. *Nicholson v. State*, 319 Ark. 566, 892 S.W.2d 507 (1995). Likewise, we have held that the defendant must show that any misconduct done by the prosecutor was in bad faith, and that the prosecutor's actions caused prejudice to the defendant before the double jeopardy bar could be invoked. *Timmons v. State*, 290 Ark. 121, 717 S.W.2d 208 (1986). Following the Eighth Circuit holding in *U.S. v. Martin*, 561 F.2d 135 (8th Cir. 1977), we held that prosecutorial misconduct motivated by bad faith that caused prejudice to the defendant enough to merit a mistrial would bar retrial. *Timmons, supra.*

In several cases since then, we have required a showing of bad faith on the part of the prosecutor before the court would require sanctions. *Ford v. Wilson*, 327 Ark. 243, 939 S.W.2d 258 (1997) (holding that double jeopardy was not invoked because there was no prejudice sufficient to cause a mistrial based on the prosecutor's bad-faith misconduct); *Jackson v. State*, 322 Ark. 710, 911 S.W.2d 578 (1995) (The appellant asserted that the state prosecutor engaged in bad faith misconduct with the intention of goading Jackson into moving for a mistrial, and the trial court found no bad faith and affirmed.) *Pickens v. State*, 301 Ark. 244, 783 S.W.2d 341 (1990) (The appellant argued that the prosecutor committed bad faith misconduct on three occasions: 1) The prosecutor intended to inflame the jury by referring to the race of the victims; 2) The prosecutor implied that the appellant fabricated evidence of an abusive upbringing; 3) The prosecutor objected during a defense witness's testimony concerning mitigating evidence. The trial court refused to grant a mistrial and we affirmed, finding no prejudice on the first argument and no bad faith on the part of the prosecutor on the second two arguments.)

■■■ In the present case, there was no showing by appellant of bad faith involved in the prosecutor's loss of two earlier recorded statements from Christopher Parker that, as a result of being lost, were unavailable for discovery. Not only was no showing of bad faith made, but also there was no showing of any prejudice resulting from the unavailability of the tapes. In these circumstances, we cannot say that the trial court's decision to sanction the violation of discovery by means of allowing wide latitude in cross-examination of the police officers was an abuse of discretion.

Accordingly, we affirm.

CORBIN, J. not participating.