Harold STIVERS *v.* STATE of Arkansas

CR 02–1140                                           118 S.W.3d 558

Supreme Court of Arkansas
Opinion delivered September 25, 2003

*Gregory E. Bryant*, for appellant.

*Mike Beebe*, Att'y Gen., by: *Valerie L. Kelly*, Ass't Att'y Gen., for appellee.

TOM GLAZE, Justice. Harold Stivers appeals his conviction for failing to stop after an accident, a violation of Ark. Code Ann. § 27-53-101 (Supp. 2001). On appeal, Stivers argues that the trial court erred in refusing to give the jury his proffered instruction, and that the court improperly commented on his right not to testify. Stivers's first point has no merit, and his second point is not preserved for our review; accordingly, we affirm.

On August 21, 2001, Stivers was involved in an automobile accident in which he ran his pickup truck into the back of Jessica Price's car on Cantrell Road in Little Rock; Price was injured in the wreck. Stivers was intoxicated at the time of the accident. Several eyewitnesses were able to give the police the license plate number off of Stivers's truck, and they identified Stivers after the police found him and returned him to the accident scene. Stivers was subsequently charged with leaving the scene of an accident, driving under the influence, and other offenses.

As noted above, Stivers was convicted of violating § 27-53-101. That statute is contained in Title 27 of the Arkansas Code, "Transportation," and is captioned under "Accidents." Section 27-53-101 sets out the "requirements in accidents involving death or personal injuries," and provides in relevant part as follows:

> (a)(1) The driver of any vehicle involved in an accident resulting in injury to or death of any person shall immediately stop the vehicle at the scene of the accident, or as close thereto as possible, but shall then immediately return to and in every event shall remain at the scene of the accident until he has fulfilled the requirements of [Ark. Code Ann.] § 27-53-103 [(Supp. 2003)].[1]

---

[1] Section 27-53-103 requires the driver of a vehicle involved in an accident resulting in injury or death to give his or her name, address, and vehicle registration to the other person; if asked, the driver must also show his or her driver's license. Further, the driver must render "reasonable assistance" to the person injured.

At the conclusion of his jury trial, Stivers proffered a jury instruction based on his own interpretation of § 27-53-101, arguing that due process required the State to prove that he knew Price had been injured and that he purposely left the scene knowing that she had been injured.[2] His proffered instruction would have required the State to prove the following elements:

> First:   That Harold Stivers was the driver of a vehicle involved in a motor vehicle accident with Jessica Price;
>
> Second:   That Jessica Price suffered physical injuries as a result of this motor vehicle accident;
>
> Third:   That Harold Stivers *knew* that Jessica Price suffered physical injuries as a result of this motor vehicle accident;
>
> Fourth:   That Harold Stivers *purposely* failed to stop his vehicle at the scene of the accident or as close thereto as possible; or did not immediately return to the scene of the accident and remain there until he had given his name, address, and registration number of the vehicle he was driving.

(Emphasis added.) The trial court refused this instruction, finding that it did not accurately state the law, as § 27-53-101 does not contain an element regarding Stivers's knowledge of Price's injuries.

■■   On appeal, Stivers argues the trial court was statutorily required to accept his proffered jury instruction and "graft" a *mens rea* requirement onto § 27-53-101. To consider Stivers's argument, we must engage in statutory construction in order to determine whether there is B or should be B an element of intent in § 27-53-101. This court reviews questions of statutory interpretation *de novo* because it is our responsibility to determine what a statute means. *Buckley v. State*, 349 Ark. 53, 76 S.W.3d 825 (2002); *R.N. v. J.M.*, 347 Ark. 203, 61 S.W.3d 149 (2001). We construe criminal statutes strictly, resolving any doubts in favor of the defendant. *Short v. State*, 349 Ark. 492, 79 S.W.3d 313 (2002); *Hagar v. State*, 341 Ark. 633 19 S.W.3d 16 (2000). We also adhere to the basic rule of statutory construction, which is to give effect to the intent of the legislature. *Short, supra.* We construe the statute

---

[2] Stivers has apparently abandoned this constitutional argument on appeal.

just as it reads, giving the words their ordinary and usually accepted meaning in common language, and if the language of the statute is plain and unambiguous, and conveys a clear and definite meaning, there is no occasion to resort to rules of statutory interpretation. *Id.* Additionally, in construing any statute, we place it beside other statutes relevant to the subject matter in question and ascribe meaning and effect to be derived from the whole. *Id.*

Stivers's argument is premised on Ark. Code Ann. § 5-2-203(b) (Repl. 1997), which provides that, "[e]xcept as provided in § 5-2-204[c],[3] if the statute defining an offense does not prescribe a culpable mental state, culpability is nonetheless required and is established only if a person acts purposely, knowingly, or recklessly." In turn, Ark. Code Ann. § 5-2-204(c) (Repl. 1997) declares that a culpable mental state is not required in two situations: "(1) The offense is a violation, unless a culpable mental state is expressly included in the definition of the offense; or (2) An *offense defined by a statute not a part of [the Arkansas Criminal] [C]ode* clearly indicates a legislative intent to dispense with any culpable mental state requirement for the offense or for any element thereof." (Emphasis added.) *See* Ark. Code Ann. § 5-1-101 (Repl. 1997).

As already stated above, the offense for which Stivers was convicted appears in the volume of the Arkansas Code titled "Transportation," and therefore it is an offense that is "defined by a statute not a part of [the Arkansas Criminal] [C]ode." The notes following § 5-2-204, referencing § 5-1-101, make it clear that the statute's exception, as set out in § 5-2-204(c)(2), applies to offenses defined in statutes that are not a part of the Arkansas Criminal Code. *Cf. K.M. v. State*, 335 Ark. 85, 983 S.W.2d 93 (1998) (noting distinction between criminal code and juvenile code and holding the insanity defense, which appears in the criminal code, does not apply to proceedings under the juvenile code).

▇ Thus, the court must determine whether the statute under which Stivers was convicted, § 27-53-101, "clearly indicates a legislative intent to dispense with any culpable mental state requirement for the offense." The language of the statute itself does not explicitly enunciate any particular mental state. Rather, it

---

[3] The reference in § 5-2-203(b) is to § 5-2-204(2); however, this is apparently a typographical error, as the appropriate statutory reference is to § 5-2-204(c).

states that a driver of a vehicle involved in an accident resulting in death or injury to any person "shall immediately stop the vehicle at the scene of the accident." This mandatory language is a clear indication that the accident-causing driver's mental state is irrelevant.

In construing any statute, this court places it beside other statutes relevant to the subject matter in question and ascribes meaning and effect to be derived from the whole. *See Short, supra; Hagar, supra.* Here, § 27-53-101 is found in a chapter titled "Accidents," and in a subchapter captioned "General Provisions." The next subchapter is captioned "Accident Reports." Ark. Code Ann. § 27-53-201 (Supp. 2001) sets forth penalties for any person who fails to comply with the accident reporting requirements set out in that subchapter, and § 27-53-201(b) provides that, "[f]or *willful* refusal to comply with § 27-53-202 or § 27-53-203 the commissioner shall revoke the driver's license . . . of the person so convicted." (Emphasis added.) Clearly, when the General Assembly desires to incorporate a *mens rea* element into the statutes governing traffic accidents, it can and, as seen in § 27-53-201(b), has done so. Here, the legislature clearly intended to dispense with any intent requirement in § 27-53-101. Therefore, the trial court did not err in declining to engraft an element of intent into the statute, or in refusing Stivers's proffered instruction.

Finally, we add that the trial court was correct to refuse Stivers's proffered instruction because it was not a correct statement of the law. This is a valid and appropriate reason to refuse to give a particular jury instruction. *See Jones v. State*, 336 Ark. 191, 984 S.W.2d 432 (1999) (a party is entitled to a jury instruction when it is a correct statement of the law). There is no model instruction covering the offense charged in this case, and here the trial court was faced with a choice between two nonmodel instructions. This court has noted that a trial court should give a jury a nonmodel instruction only when the model instructions fail to correctly state the law or if there is no model instruction on the subject. *Mayo v. State*, 336 Ark. 275, 984 S.W.2d 801 (1999); *Cavin v. State*, 313 Ark. 238, 855 S.W.2d 285 (1993). Here, presented with the State's nonmodel instruction that tracked the language of § 27-53-101, and with Stivers's nonmodel instruction that included elements not found in the statute, the trial court did not err in rejecting Stivers's proffered instruction.

Stivers's second point on appeal is that the trial court erred in denying his motion for mistrial, made when the trial court said to the jury the following: "Ladies and gentlemen, the prosecution has rested and the defense has rested without calling any witnesses; therefore, it is time for me to read you the instructions which are the law that you are to apply [to] the evidence in this case." In his mistrial motion before the trial court, Stivers argued that the court's statement was an improper comment on his right not to testify. The trial court denied the mistrial motion.

On appeal, Stivers's entire argument on this point reads as follows:

> [Stivers] made a timely motion for a mistrial and argued the trial court had made a comment on [his] right not to testify or present a defense. [Stivers] argued the jury could infer that the burden of proof had shifted to [him]. The trial court denied [Stivers's] motion for a mistrial.

> [Stivers] also argues that the trial court should have granted [his] motion for a mistrial because the trial judge said, "The defense has rested not having called any witnesses." In reversing this case, [Stivers] asks this court to overrule *Adams v. State*, 263 Ark. 536, 566 S.W.2d 387 (1968).

We do not reach Stivers's second point on appeal for several reasons. First, he makes no argument regarding exactly how he was prejudiced by the trial court's comments. This court will not reverse in the absence of a demonstration of prejudice. *See Ridling v. State*, 348 Ark. 213, 72 S.W.3d 466 (2002); *Ramaker v. State*, 345 Ark. 225, 46 S.W.3d 519 (2001); *Engram v. State*, 341 Ark. 196, 15 S.W.3d 678 (2000). Secondly, Stivers cites no authority to support whatever argument he makes here. We have made it exceedingly clear that we will not consider an argument, even a constitutional one, when the appellant presents no citation to authority or convincing argument in its support, and it is not apparent without further research that the argument is well taken. *Hollis v. State*, 346 Ark. 175, 55 S.W.3d 756 (2001); *Dougan v. State*, 330 Ark. 827, 957 S.W.2d 182 (1997); *Williams v. State*, 325 Ark. 432, 930 S.W.2d 297 (1996); *Roberts v. State*, 324 Ark. 68, 919 S.W.2d 192 (1996); *Dixon v. State*, 260 Ark. 857, 545 S.W.2d 606 (1977).

Finally, though Stivers asks this court to overrule *Adams v. State, supra,* we must decline to do so. In asking the court to overrule a prior decision, Stivers has the burden of showing that the court's refusal to overrule the prior decision would result in injustice or great injury. *See Hill v. State,* 347 Ark. 441, 65 S.W.3d 408 (2002); *B.C. v. State,* 344 Ark. 385, 40 S.W.3d 315 (2001). Here, Stivers's entire "argument" on the point is the simple statement: "In reversing this case, [Stivers] asks this court to overrule *Adams v. State.*" Stivers has clearly failed to meet his burden, and his request that this court overrule *Adams* must be soundly rejected.

Affirmed.

THORNTON, J., not participating.