Fred PHILLIPS  *v.*  STATE of Arkansas

CR 04-1118                                        203 S.W.3d 630

Supreme Court of Arkansas
Opinion delivered February 17, 2005

*William R. Simpson, Jr.*, Public Defender, by: *T.K. Smith*, Law Student Admitted to Practice Pursuant to Rule XV of the Rules Governing Admission to the Bar of Arkansas, and *Erin Vinett*, Deputy Public Defender, for appellant.

*Mike Beebe*, Att'y Gen., by: *Brad Newman*, Ass't Att'y Gen., for appellee.

JIM HANNAH, Chief Justice. Fred Phillips appeals his convictions for breaking or entering under Ark. Code Ann. § 5-39-202 (Repl. 1997) and theft of property under Ark. Code Ann. § 5-36-103 (Supp. 2001). Phillips was sentenced to ten years in prison and argues that the circuit court erred in denying his motion for a directed verdict because neither the presence of his fingerprint on the inside of the window of the open car door nor any inference arising

from his fingerprint constitutes sufficient evidence to sustain the verdict that he was the person who broke into the car and stole music CDs. We hold that Phillips failed to raise the appealed issue in his directed-verdict motion, and on that basis, we affirm his conviction. Our jurisdiction is pursuant to Ark. Sup. Ct. R. 2-4 because this case is before this court on a petition for review. The Court of Appeals affirmed the circuit court. *See Phillips v. State,* 88 Ark. App. 17, 194 S.W.3d 222 (2004). The circuit court is affirmed and the decision of the court of appeals is affirmed as modified.

### Standard of Review

When this court grants a petition to review a decision by the court of appeals, this court considers the appeal as if it had been originally filed in this court. *Hunt v. State,* 354 Ark. 682, 128 S.W.3d 820 (2003). Phillips asserts a single issue on appeal, that the circuit court erred in denying his motion for a directed verdict. We treat a motion for a directed verdict as a challenge to the sufficiency of the evidence. *Id.* In reviewing a challenge to the sufficiency of the evidence, we view the evidence in a light most favorable to the State and consider only the evidence that supports the verdict. *Id.* We affirm a conviction if substantial evidence exists to support it. *Id.* Substantial evidence is that which is of sufficient force and character that it will, with reasonable certainty, compel a conclusion one way or the other, without resorting to speculation or conjecture. *Id.*

### Facts

Mickey Schuetzle testified that about 8:00 a.m., on April 17, 2002, he went into the parking lot of his apartment building and found the passenger-side door of his car standing open about two feet. He further testified that he had parked his car, a 1998 Ford Mustang Convertible, at about 9:00 p.m. the evening before and locked it. Schuetzle additionally testified that upon looking in the car, he found that the glove box was open, that papers and documents were scattered around within the car, and that approximately fifty music CDs were missing.

Schuetzle is a detective with the North Little Rock Police Department and was assigned to the property crimes unit at the time. He carried out the investigation in this case, including seeking fingerprint and other evidence from the crime scene. At trial, Schuetzle testified that he obtained fingerprints from near the

top of the inside of the passenger-side window. He also testified that the Arkansas State Crime Laboratory ran the prints through the Automatic Fingerprint Identification System (AFIS), which returned a positive identification for Phillips on one fingerprint. James H. Beck of the Arkansas State Crime Laboratory testified about AFIS and the identification of Phillips by the fingerprint submitted by Schuetzle.

*Directed Verdict*

Phillips alleges on appeal that the circuit court erred in denying his directed verdict motion because neither the presence of his fingerprint on the inside of the window of the open car nor any inference arising from his fingerprint constitutes sufficient evidence to sustain the verdict that he was the person who broke into the car and stole music CDs. Before we may consider the merits of Phillips's appeal, we must first determine whether the issue was properly preserved for appellate review. *Maxwell v. State*, 359 Ark. 335, 197 S.W.3d 442 (2004). To preserve an issue for appeal from a decision on a directed-verdict motion, the issue must be stated clearly and specifically to the circuit court. *Patrick v. State*, 314 Ark. 285, 862 S.W.2d 239 (1993). *See also* Ark. R. Crim. P. 33.1. The reasoning underlying this holding is that when specific grounds are stated and the absent proof is pinpointed, the circuit court can either grant the motion, or, if justice requires, allow the State to reopen its case and supply the missing proof. *Tester v. State*, 342 Ark. 549, 30 S.W.3d 99 (2000).

A further reason that the motion must be specific is that this court may not decide an issue for the first time on appeal. *State v. Fuson*, 355 Ark. 652, 144 S.W.3d 250 (2004). This court may not afford relief that is not first sought in the circuit court. *Weston v. State*, 265 Ark. 58, 576 S.W.2d 705 (1979).

In his directed verdict motion on breaking or entering, Phillips argued that Schuetzle

> "didn't mark the [fingerprint] cards at all about where . . . [the fingerprints] originated from. . . . The evidence doesn't link up with Mr. Phillips. . . . [Schuetzle is] asking the court to basically forgive his admitted mistakes . . . and believe his statement here today that the prints came from the inside of the vehicle. . . . We'd ask for a dismissal."

The renewed directed-verdict motion simply restated these same arguments and did not raise any additional issues for the

circuit court to decide. At trial, Phillips challenged the competence of the evidence identifying him as the person who left the fingerprint on the "inside of the vehicle." On appeal, however, Phillips argues that the fingerprint on the inside window of an open car door and any inferences arising from the fingerprint constitute insufficient evidence to support the conviction for breaking or entering.[1] This issue was not presented to the circuit court for decision in the motion for a directed verdict. Accordingly, we must affirm.

---

[1] Phillips also challenged the evidence on the theft charge in his directed-verdict motion, but the circuit court's decision on that issue is not challenged on appeal.