## Julius YANKAWAY *v.* STATE of Arkansas

CR 05-1071                                                        233 S.W.3d 136

Supreme Court of Arkansas
Opinion delivered March 23, 2006

*John H. Bradley*, for appellant.

*Mike Beebe*, Att'y Gen., by: *Clayton K. Hodges*, Ass't Att'y Gen., for appellee.

Donald L. Corbin, Justice. Appellant Julius Yankaway appeals the judgment and order of the Mississippi County Circuit Court convicting him of capital murder and sentencing him to life imprisonment without parole. On appeal, he raises two arguments for reversal: (1) the trial court erred in denying his

instruction on murder in the second degree; (2) the trial court abused its discretion by denying the admission of testimony from an impeachment witness. As this case involves a life sentence, our jurisdiction is proper pursuant to Ark. Sup. Ct. R. 1-2(a)(2). We find no error and affirm.

Early in the morning on August 4, 2002, Appellant and two other individuals, Larry Nash, Jr., and Cedric Loving, broke into Lakitha Winda's apartment in Wilson, Arkansas. All three men were armed and wore masks covering their faces. At the time of the break-in, Charles Lomack, Yolanda Daniels, Jerome King, and Ms. Winda were sitting in the apartment's front room, while Jimmy Jackson was lying on a mattress by the back door. Ms. Daniels, Mr. Jackson, and Mr. King testified that, upon entering, the men told everyone to empty their pockets. Mr. Jackson further stated that, after he emptied his pockets, he was shot in the face. Additional shots were fired injuring Mr. Lomack and Ms. Daniels, and killing Ms. Winda. Although the men were wearing masks, the witnesses were able to identify the men, including Appellant as the shooter, because of their voices.

Initially, Appellant was charged with capital murder, four counts of attempted capital murder, and residential burglary. However, because Appellant was fifteen years old on the date of these offenses, the four counts of attempted capital murder and residential burglary were dismissed for lack of jurisdiction in the trial court, pursuant to Ark. Code Ann. § 9-27-318 (Repl. 2002).[1] Consequently, Appellant was charged with one count of capital murder.

On March 1–3, 2005, Appellant was tried before a jury. At the close of the State's case-in-chief, Appellant sought to be allowed to call an unlisted, surprise witness, Stephanie Yankaway. He proffered that Ms. Yankaway's testimony would be elicited to impeach or rebut Ms. Daniels's testimony that Appellant had a gun and that she is absolutely sure she saw Appellant fire shots. Furthermore, he argued that he only learned of the contents of Ms.

---

[1] Section 9-27-318 sets out the procedures that must be followed to charge a juvenile who is under sixteen with attempted capital murder and burglary. Specifically, these charges must be filed in the juvenile division of the circuit court and the State may then file a motion to transfer the case to the criminal division of the circuit court. Here, the State conceded that they did not follow that procedure, and the attempted capital murder and burglary charges were dismissed.

Yankaway's testimony during the trial. Specifically, he claimed that he overheard Ms. Yankaway say to another woman, in the parking lot, that Ms. Yankaway had been in the courtroom, heard Ms. Daniels's testimony, and that it was different than what Ms. Daniels had told Ms. Yankaway about the shooting. The trial court denied Appellant's request.

At the close of evidence, Appellant proffered a second-degree murder instruction to be given to the jury, and renewed his motion for a directed verdict. The trial court denied both motions. The jury convicted and sentenced Appellant as previously stated. This appeal followed.

For his first point of appeal, Appellant argues that the trial court erred in denying his requested instruction on murder in the second degree. Specifically, he claims that evidence existed which supported an instruction that he knowingly caused the death of Ms. Winda with extreme indifference to the value of human life and, thus, the trial court's failure to give this instruction was prejudicial.

We have repeatedly held that it is a reversible error to refuse to give an instruction on a lesser-included offense when the instruction is supported by even the slightest evidence. *Boyle v. State*, 363 Ark. 356, 214 S.W.3d 250 (2005); *Fudge v. State*, 341 Ark. 759, 20 S.W.3d 315 (2000). However, we will affirm the trial court's decision to not give an instruction on the lesser-included offense if there is no rational basis for doing so. *Boyle*, 363 Ark. 356, 214 S.W.3d 250; *Williams v. State*, 363 Ark. 395, 214 S.W.3d 829 (2005). This court will not reverse a trial court's ruling on the submission of such an instruction absent an abuse of discretion. *Boyle*, 363 Ark. 356, 214 S.W.3d 250; *Grillot v. State*, 353 Ark. 294, 107 S.W.3d 136 (2003). Lastly, it is well-settled law that when a lesser-included offense has been given, and the jury convicts of the greater offense, error resulting from the failure to give an instruction on another still lesser-included offense is cured. *Boyle*, 363 Ark. 356, 214 S.W.3d 250; *Fudge*, 341 Ark. 759, 20 S.W.3d 315. This rule is known as the "skip rule." *Id.*

In this case, the trial court instructed the jury on capital murder and the lesser-included offense of first-degree murder. After deliberating, the jury found Appellant guilty of capital murder. Therefore, the "skip rule" is applicable and, as such, any error that might have resulted from the trial court's failure to

instruct the jury was cured. Appellant "cannot prove that he was prejudiced by the alleged error, so it was harmless." *See Boyle*, 363 Ark. at 364, 214 S.W.3d at 254. In this case, the "skip rule" bars Appellant's argument that the trial court abused its discretion in failing to give the second-degree murder instruction.

Appellant's second argument for reversal is that the trial court abused its discretion by denying the admission of the testimony of Stephanie Yankaway to impeach Yolanda Daniels. Specifically, Appellant argues that Ms. Yankaway's testimony should have been allowed pursuant to Ark. R. Evid. 613(b) and that the interests of justice require the waiver of Ms. Daniels's opportunity to explain or deny the statements.

This court reviews allegations of evidentiary errors under the abuse-of-discretion standard. *Threadgill v. State*, 347 Ark. 986, 69 S.W.3d 423 (2002). The trial court has broad discretion in its evidentiary ruling, and this court will not reverse unless there has been a manifest abuse of discretion. *Id*. Rule 613(b) states:

> Extrinsic evidence of a prior inconsistent statement by a witness is not admissible unless the witness is afforded an opportunity to explain or deny the same and the opposite party is afforded an opportunity to explain or deny the same and the opposite party is afforded an opportunity to interrogate him thereon, or the interests of justice otherwise require. . . .

This court has consistently held that, under Rule 613(b), three requirements must be met before extrinsic evidence of a prior inconsistent statement will be admissible. *Threadgill*, 347 Ark. 986, 69 S.W.3d 423; *Kennedy v. State*, 344 Ark. 433, 42 S.W.3d 407 (2001).

> First, the witness must be given the opportunity to explain or deny the inconsistent statement. Second, the opposing party must be given the opportunity to explain or deny the witness's inconsistent statement. Third, the opposing party must be given the opportunity to interrogate the witness about the inconsistent statement.

*Id*. at 445, 42 S.W.3d at 414. Furthermore, if the witness admits making the prior inconsistent statement, Rule 613(b) does not allow introduction of extrinsic evidence of the prior inconsistent statement to impeach the witness's credibility. *Id*.

In the present case, when the trial court denied Appellant's request to call Ms. Yankaway it noted that, prior to Ms.

Yankaway's testimony, Ms. Daniels would have to be asked whether she made these statements to the witness and be allowed to admit or deny the statements. However, Ms. Daniels had already been released as a witness and had left the courthouse. The trial court ruled that since Ms. Daniels was no longer available, and had not been asked the questions involved in this line of inquiry during her testimony, that it would not be proper for Ms. Yankaway to be called as a witness to impeach or rebut Ms. Daniels. Appellant argues that, while in most cases a witness to be impeached must be allowed an opportunity to explain or deny the statement, a witness does not have to be asked about the inconsistent statement prior to the admission of the inconsistent statement. Appellant does not cite any legal authority for this position.[2] We have held on occasions too numerous to count that we will not consider an argument when the appellant presents no citation to authority or convincing argument in its support, and it is not apparent without further research that the argument is well taken. See Polston v. State, 360 Ark. 317, 201 S.W.3d 406 (2005); Hathcock v. State, 357 Ark. 563, 182 S.W.3d 152 (2004); Stivers v. State, 354 Ark. 140, 118 S.W.3d 558 (2003). Accordingly, we affirm the trial court's ruling on this point.

■ Additionally, Appellant argues that the latter provision of Rule 613(b), allowing extrinsic evidence in the interests of justice, is applicable to this issue. Specifically, he argues that the interests of justice require the waiver of the opportunity to explain or deny by the witness. A review of the record reflects that Appellant did not make this "interests of justice" argument before the trial court, but rather argued that Ms. Yankaway was a legitimate surprise witness. We have repeatedly held that appellants are precluded from raising arguments on appeal that were not first brought to the attention of the trial court. See, e.g., Flanery v. State, 362 Ark. 311, 208 S.W.3d 187 (2005); Phillips v. State, 361 Ark. 1, 203 S.W.3d 630 (2005). As such, we will not now address this argument.

---

[2] Appellant refers the court to an outdated article, Rafael Guzman, Impeaching the Credibility of a Witness: Issues, Rules, and Suggestions, 1994 ARK. L. NOTES 29, 31, that states that Rule 613(b) does not require that the comment be given prior to the introduction of the extrinsic evidence. Guzman does not cite to any authority for this position.

In accordance with Ark. Sup. Ct. R. 4-3(h), the record has been reviewed for adverse rulings objected to by Appellant but not argued on appeal. No reversible errors were found.

Affirmed.

BROWN, J., concurring in part; dissenting in part. *See Boyle v. State*, 363 Ark. 356, 214 S.W.3d 250 (2005) (Brown, J., concurring in part; dissenting in part).