Allen L. LAMPKIN *v.* STATE of Arkansas

CA CR 07-568                                         275 S.W.3d 679

Court of Appeals of Arkansas
Opinion delivered February 13, 2008

*William R. Simpson, Jr.*, Public Defender, *Mac Carder*, Deputy Public Defender, by: *Clint Miller*, for appellant.

*Dustin McDaniel*, Att'y Gen., by: *David R. Raupp*, Sr. Ass't Att'y Gen., for appellee.

WENDELL L. GRIFFEN, Judge. Allen Lampkin was found guilty in district court of driving while intoxicated. He appealed to the circuit court. The issue before this court is whether the circuit court abused its discretion in dismissing Lampkin's appeal and remanding the case back to the district court because it determined that Lampkin failed to appear without good cause on the date of his trial. We hold that the circuit court erred in determining that Lampkin failed to appear without good cause, as it recalled the case after Lampkin initially failed to appear, asked Lampkin what he wanted to do, and indicated that "we're having a trial today." Accordingly, we reverse and remand the case to circuit court.

Lampkin waived his right to a jury trial, and a bench trial was set for 10:00 a.m. on August 28, 2006. When Lampkin's case was first called, he was not in the courtroom. The deputy prosecuting attorney informed the court that John May, Lampkin's counsel, was in the hallway, and further stated that "I think he's probably negotiating. They may be out in the hall." Thereafter, when neither Lampkin or his attorney answered the bailiff's call, the circuit court announced, "Remand to district court."

Nonetheless, the court recalled Lampkin's case later the same day. The State indicated that it had no objection to Lampkin entering a negotiated guilty plea. May informed the court that "[Lampkin's] case was called up while we were out in the hall and you initially remanded it." May then reiterated that he and the State had negotiated a guilty plea. When the court asked Lampkin what he wanted, Lampkin said he wanted to go to trial but that the State had not provided the name of one of the officers at the scene.[1]

The following exchange then took place:

---

[1] Lampkin raised this argument during a prior proceeding; the State obtained a continuance but apparently never provided the information.

COURT: Do you want me to remand this to district court?

DEFENDANT: No, sir. I would like to get the officers to give us the trooper's name and go forward with trial.

COURT: Okay, that's — you're here for trial today.

DEFENDANT: I know.

COURT: We're having a trial today.

Lampkin again indicated his willingness to proceed to trial but again requested that the unidentified officer be called as a witness. The court informed Lampkin that,"It doesn't work that way," and then the following exchange occurred:

COURT: Okay, I'm going to remand this to district court.

DEFENDANT: Well, then, I want to do the plea deal, Your Honor.

COURT: I've already remanded it to district court because you didn't come in when I called your name.

The relevant statute provides that

[i]f the appellant shall fail to appear in the circuit court when the case is set for trial or the judge . . . then the circuit court may, *unless good cause is shown to the contrary*, affirm the judgment and enter judgment against the appellant for the same fine or penalty that was imposed in the court of limited jurisdiction, with costs.

Ark. Code Ann. § 16-96-508 (Repl. 2006) (emphasis added). We review questions of statutory interpretation *de novo* and construe criminal statutes strictly, resolving any doubts in favor of the defendant. *See Stivers v. State,* 354 Ark. 140, 118 S.W.3d 558 (2003). We also adhere to the basic rule of statutory construction, which is to give effect to the intent of the legislature. *Id.*[2]

---

[2] For example, § 16-96-508 has been strictly interpreted to prohibit a circuit judge from dismissing an appeal based on a defendant's failure to appear at a *pre-trial* conference. *See Ayala, infra.*

In essence, the circuit court's "remand" functioned as a dismissal of Lampkin's appeal, which is permissible even though § 16-96-508 only authorizes a circuit court to *affirm* the district court's judgment. *See Ayala v. State*, 365 Ark. 192, 226 S.W.3d 766 (2006). Nonetheless, we reverse because it was an abuse of discretion for the circuit court to dismiss Lampkin's case based on his initial "failure to appear" when the case was thereafter recalled the same day, Lampkin was present when the case was recalled, and the court indicated that "we're having a trial today."

As Lampkin argues, the purpose of § 16-96-508 is to facilitate the court's power to control its own trial docket. *See* Ark. R. Crim. P. 27.2 (stating that the court shall control the trial calendar and the scheduling of cases on the calendar). It is apparent from the record that Lampkin's initial failure to appear did not disrupt the court's trial docket. This was a bench trial. No jury was seated and then dismissed when Lampkin failed to initially appear.

Rather, the circuit court purported to dismiss the appeal, yet recalled the case the same day. Lampkin appeared when the case was recalled. The court asked Lampkin what he wanted to do and then stated that "we're having a trial today." It subsequently remanded the case based on Lampkin's *initial* failure to appear *only after* Lampkin voiced his complaints about the discovery regarding a specific witness. In so doing, the court also ignored the plea agreement that had been reached by the parties.

Certainly, a circuit court may change a ruling during the course of a proceeding. Here, however, the court did not merely change a ruling. Rather, it initially purported to dismiss the appeal but then, by its further statements, *acted as though no final ruling had been made or as though any interim ruling had been reversed.* Given that, it was an abuse of discretion for the court to thereafter dismiss the appeal pursuant to § 16-96-508 based on Lampkin's *initial* failure to appear.

Reversed and remanded.

ROBBINS and MARSHALL, JJ., agree.