SLIP OPINION

Cite as 2014 Ark. 250

# SUPREME COURT OF ARKANSAS

No. CR-13-579

| | | |
|---|---|---|
| RICHARD ELI HART | | **Opinion Delivered** May 29, 2014 |
| | APPELLEE | |
| V. | | APPEAL FROM THE UNION COUNTY CIRCUIT COURT [NO. CR-12-330] |
| STATE OF ARKANSAS | | HONORABLE HAMILTON H. SINGLETON, JUDGE |
| | APPELLANT | |
| | | AFFIRMED AS MODIFIED. |

**JIM HANNAH, Chief Justice**

This appeal involves an allegation of the imposition of an illegal sentence and requires this court to determine whether Arkansas Code Annotated section 5-4-702(a) (Supp. 2011), which permits enhanced penalties for certain offenses committed in the presence of a child, applies to the offense of manslaughter, Arkansas Code Annotated section 5-10-104 (Supp. 2011). Appellant, Richard Eli Hart, was charged with first-degree murder. The State alleged that he shot and killed his girlfriend, Amanda Fory, in the presence of her fifteen-month-old twin boys. After a jury trial, Hart was convicted of the lesser-included offense of manslaughter, for which he was sentenced to a term of ten years' imprisonment. Hart was also sentenced to additional years of imprisonment pursuant to two enhancement statutes. He was sentenced to fifteen years under Arkansas Code Annotated section 16-90-120(a) (Supp. 2011), for having committed the felony with a firearm, and he was sentenced to ten years under section 5-4-702(a), based on the jury's finding that he committed the crime in

SLIP OPINION

the presence of a child. The circuit court entered a sentencing order and an amended sentencing order that sentenced Hart to a total of thirty-five years in prison. Hart filed a posttrial motion, contending that the enhanced sentence imposed by the circuit court pursuant to section 5-4-702(a) was an illegal sentence and should be set aside. That motion was deemed denied. Hart originally appealed to the Arkansas Court of Appeals, which recommended certification of the appeal to this court because it involved an issue of first impression and a substantial question of law concerning the interpretation of an act of the General Assembly. This court accepted certification, and our jurisdiction is proper pursuant to Arkansas Supreme Court Rule 1-2(d)(2) (2013). Hart does not challenge the sentences imposed for the manslaughter conviction or the firearm enhancement under section 16-90-120(a). His sole point on appeal is that his ten-year enhanced sentence for committing manslaughter in the presence of a child is not authorized under section 5-4-702(a) and therefore constitutes an illegal sentence. We affirm as modified.

In Arkansas, sentencing procedures are governed by statute, and no one may be sentenced other than in accordance with the Criminal Code. *See* Ark. Code Ann. § 5-4-104(a) (Supp. 2011) (stating that "[n]o defendant convicted of an offense shall be sentenced otherwise than in accordance with this chapter"). Section 5-4-702(a) provides:

> Any person who commits a felony offense involving homicide, § 5-10-101 — § 5-10-103, assault or battery, § 5-13-201 et seq., or domestic battering or assault on a family member or household member, § 5-26-303 — § 5-26-309, may be subject to an enhanced sentence of an additional term of imprisonment of not less than one (1) year and not greater than ten (10) years if the offense is committed in the presence of a child.

Hart was convicted of manslaughter under section 5-10-104, and he contends that,

pursuant to the plain language of section 5-4-702(a), an enhanced sentence was not authorized for manslaughter. The State responds that the General Assembly intended that the enhancement be applied to *all* violent felonies committed in the presence of a child—not just to the crimes that are numerically cross-referenced within section 5-4-702(a).

This court reviews issues of statutory interpretation de novo as it is our responsibility to determine what a statute means. *E.g.*, *Stivers v. State*, 354 Ark. 140, 144, 118 S.W.3d 558, 561 (2003). We construe criminal statutes strictly, resolving any doubts in favor of the defendant. *Id.*, 118 S.W.3d at 561. We also adhere to the basic rule of statutory construction, which is to give effect to the intent of the legislature. *Id.*, 118 S.W.3d at 561. We construe the statute just as it reads, giving the words their ordinary and usually accepted meaning in common language, and if the language of the statute is plain and unambiguous, and conveys a clear and definite meaning, there is no occasion to resort to rules of statutory interpretation. *Id.* at 144–45, 118 S.W.3d at 561.

The plain language of section 5-4-702(a) states, in relevant part, that "[a]ny person who commits a felony offense involving homicide, § 5-10-101 — § 5-10-103 . . . may be subject to an enhanced sentence of an additional term of imprisonment of not less than one (1) year and not greater than ten (10) years if the offense is committed in the presence of a child." The statute refers specifically to the homicide offenses codified at sections 5-10-101 through 5-10-103. Therefore, any person who commits capital murder, *see* Ark. Code Ann. § 5-10-101, first-degree murder, *see* Ark. Code Ann. § 5-10-102, or second-degree murder, *see* Ark. Code Ann. § 5-10-103, may be subject to an enhanced sentence under section 5-4-

3

702(a). The remaining homicide offenses in title 5, chapter 10 of the Criminal Code—manslaughter, *see* Ark. Code Ann. § 5-10-104, negligent homicide, *see* Ark. Code Ann. § 5-10-105, and physician-assisted suicide, *see* Ark. Code Ann. § 5-10-106—are not referenced in the statute. Consequently, any person who commits a felony offense involving homicide under sections 5-10-104 to –106 is not subject to an enhanced sentence under section 5-4-702(a).

A sentence is void or illegal when the circuit court lacks the authority to impose it. *E.g.*, *Cross v. State*, 2009 Ark. 597, at 4, 357 S.W.3d 895, 898. In this case, the circuit court lacked the authority to impose an enhanced sentence under section 5-4-702(a) because that statute does not authorize an enhanced sentence for the offense of manslaughter. Therefore, Hart's ten-year sentence pursuant to section 5-4-702(a) was illegal.

This court may correct an illegal sentence in lieu of reversing and remanding for resentencing. *See, e.g.*, *Roberts v. State*, 324 Ark. 68, 74, 919 S.W.2d 192, 195 (1996) ("Where the trial court's error has nothing to do with the issue of culpability and relates only to punishment, we may correct the error in lieu of reversing and remanding the case."). Accordingly, we affirm the circuit court's sentence of ten years' imprisonment imposed for Hart's manslaughter conviction, and we affirm the circuit court's sentence of fifteen years' imprisonment imposed under section 16-90-120(a), but we strike the circuit court's sentence of ten years' imprisonment imposed under section 5-4-702(a).

Affirmed as modified.

*Gary McDonald*, for appellant.

*Dustin McDaniel*, Att'y Gen., by: *Eileen W. Harrison*, Ass't Att'y Gen., for appellee.