Cite as 2021 Ark. App. 116

# ARKANSAS COURT OF APPEALS
DIVISION II
No. CR–20–87

| | | |
|---|---|---|
| KIARI RIGGINS | | **Opinion Delivered:** March 10, 2021 |
| | APPELLANT | APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, SECOND DIVISION [NO. 60CR-18-2696] |
| V. | | |
| STATE OF ARKANSAS | | |
| | APPELLEE | HONORABLE CHRISTOPHER CHARLES PIAZZA, JUDGE |
| | | AFFIRMED |

## STEPHANIE POTTER BARRETT, Judge

Kiari Riggins was convicted in a jury trial of one count of rape of his four-year-old daughter, K.R., and was sentenced to forty years' imprisonment in the Arkansas Department of Correction. On appeal, Riggins contends that the circuit court abused its discretion and committed reversible error by refusing to allow the defense to impeach the victim's testimony with two prior inconsistent statements. We affirm the circuit court.

On April 13, 2017, Riggins was home with K.R. and K.R.'s brother and sister. The children's mother, Nakisa Bellamy, was at work. Bellamy received a phone call around 1:00 a.m. from Riggins saying that Blitz, the family dog, had hurt K.R. and that she needed to come home. When Bellamy arrived home, Riggins was hysterical, crying, and pacing. K.R. was asleep in Bellamy's bed. Bellamy could tell that K.R. was bleeding but could not tell from where. Bellamy woke up K.R. and put her in the bathtub to find out where the

blood was coming from and discovered that it was coming from her vagina. Bellamy and Riggins then took K.R. to Arkansas Children's Hospital (ACH), where Riggins was questioned by Little Rock Police Sergeant Brittany Gunn about K.R.'s injury. Riggins told Sergeant Gunn that K.R. had run into his room saying, "Daddy, Daddy, Blitz hurt me." Riggins said that he was panicked, scared, and didn't know what to do because there was a lot of blood. He put K.R. in the bathtub and noticed a small scratch on her vagina.

At trial, Dr. Laura Hollenbach, a pediatric gynecologist at ACH, testified that K.R.'s injury was significant and caused a large amount of blood loss. She explained that there was a hole in the vaginal mucosa in the uppermost portion on the left side of her vagina that required surgery to repair; bruising and some laceration around her hymenal ring, and a small tear. Dr. Hollenbach testified that K.R.'s injuries to her labia majora and the hymenal wall would have required a penetrative injury with force.

Dr. Rachel Clingenpeel, a pediatric sexual–abuse specialist at ACH, testified that she was called by the emergency department about a patient who was bleeding profusely from her vagina without a plausible reason. K.R.'s medical history indicated that her injuries had been caused by the family dog. Dr. Clingenpeel explained that K.R.'s injuries were inconsistent with her being sexually assaulted by a dog. Dr. Clingenpeel stated that K.R.'s only injuries were to her external genitalia and her vagina.

K.R. testified that Riggins raped her when she was sleeping on the couch when she was four or three years old. She said that Riggins hurt her middle part, made it bleed, and she cried because it hurt. K.R. said that after the rape, Riggins put her into the bathtub and told her that if she told her mom, he would hurt her also. K.R. said that Riggins told her

2

to tell people that Blitz hurt her. She admitted that for a long time, she lied about who had hurt her.

After K.R.'s testimony, defense counsel moved to admit three recorded statements from K.R., arguing that the statements were different from her testimony.[1] The State objected, arguing that K.R. was not a party opponent and that defense counsel asked K.R. about these recorded statements in her testimony. The circuit court did not issue a ruling and asked for a transcript of the statements. After the jury retired to deliberate in sentencing, the circuit court made a record regarding the proffer of the statements. The defense for the first time argued for the admission of the statements as prior inconsistent statements. The circuit court did not allow the admission of the statements and noted that the proper time to impeach the witness with a prior inconsistent statement was while K.R. was testifying. This appeal followed.

The decision to admit or exclude evidence is within the sound discretion of the circuit court, and we will not reverse that decision absent an abuse of discretion. *Maiden v. State*, 2014 Ark. 294, 438 S.W.3d 263. The abuse-of-discretion standard is a high threshold that does not simply require error in the circuit court's decision but also requires the circuit court to act improvidently, thoughtlessly, or without due consideration. *Id.* In addition, we will not reverse a ruling on the admission of evidence absent a showing of prejudice. *Id.*

---

[1]This court notes that although portions of the statements might have been admissible to impeach, only those portions of the statement would be admissible and not the entire transcript as requested by the defense.

3

Arkansas Rule of Evidence 613(b) (2019) provides that extrinsic evidence of a prior inconsistent statement of a witness is not admissible unless (1) the witness is afforded the opportunity to explain or deny the inconsistent statement; (2) the opposite party is afforded an opportunity to explain or deny the same; and (3) the opposite party is afforded the opportunity to interrogate the witness about the inconsistent statement. *Yankaway v. State*, 366 Ark. 18, 233 S.W.3d 136 (2006).

Riggins's sole point on appeal is that the circuit court abused its discretion by refusing to allow the defense to impeach K.R.'s testimony with two prior, purportedly inconsistent statements to the police. The first was a statement by K.R. that she had been asleep when the incident that caused her injuries occurred, which Riggins claims is inconsistent with her trial testimony that she did not remember telling a therapist that she had been asleep at the time of the incident.

K.R. testified during the trial that she had been asleep when the incident occurred. The fact that she testified that she did not remember telling a therapist this is of no significance. K.R.'s prior statement and her testimony were essentially the same and not inconsistent, and the circuit court did not abuse its discretion in denying Riggins's request to introduce this statement to impeach K.R.'s testimony.

The second statement Riggins sought to impeach K.R.'s testimony with was a prior inconsistent statement that she and Blitz were the only ones in the room when the rape occurred. K.R. testified at trial that her brother and sister were sleeping on the floor in the same room when Riggins raped her. Under Rule 613(b), the first requirement is that the witness be given an opportunity to explain or deny the inconsistent statement. *Lewis v.*

4

*State*, 41 Ark. App. 89, 848 S.W.2d 955 (1993). Riggins fails to meet the first prong of Rule 613(b). During trial, defense counsel did not ask K.R. about this statement; thus, K.R. was not given the opportunity to admit or deny the statement. Furthermore, K.R. admitted that she lied when she gave the first statement that the dog caused her injuries. We hold that the circuit court did not abuse its discretion in denying Riggins's request to introduce the statements to impeach K.R.'s testimony.

Affirmed.

VIRDEN and GRUBER, JJ., agree.

*Johnson Law Firm*, by: *Jon Johnson*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Rachel Kemp*, Sr. Ass't Att'y Gen., for appellee.