Cite as 2022 Ark. App. 308

# ARKANSAS COURT OF APPEALS
DIVISION I
No. CR-21-578

| | |
|---|---|
| PEDRO VELAZQUEZ<br><br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br><br>APPELLEE | **Opinion Delivered** August 31, 2022<br><br>APPEAL FROM THE YELL COUNTY CIRCUIT COURT, NORTHERN DISTRICT [NO. 75NCR-20-25]<br><br>HONORABLE JERRY DON RAMEY, JUDGE<br><br>AFFIRMED |

## WAYMOND M. BROWN, Judge

Appellant Pedro Velazquez was convicted by jury of second-degree battery. He was sentenced to serve a term of six years' incarceration in the Arkansas Department of Correction. On appeal, Velazquez argues that the circuit court erred in denying his directed-verdict motions. We affirm Velazquez's conviction without reaching the merit of his sufficiency challenge due to his failure to preserve the argument for appellate review.

Because Velazquez's argument is not preserved, an extensive recitation of the factual background is unnecessary. Following an incident that occurred on January 6, 2020, during which Juan Perez was injured and received medical treatment, Velazquez was charged with second-degree battery, terroristic threatening, and endangering the welfare of a minor in the second-degree.

Following presentation of evidence and testimony, the jury found Velazquez guilty of second-degree battery. Velazquez now appeals, arguing that the evidence was insufficient to support the conviction. Specifically, Velazquez contends that the circuit court erred when it denied his motions

for directed verdict because the State failed to prove the "deadly weapon" element of the second-degree-battery offense.

A motion for directed verdict is treated as a challenge to the sufficiency of the evidence, and the denial of the motion is affirmed if sufficient evidence, either direct or circumstantial, supports the verdict.[1] A directed-verdict motion must specifically state the grounds on which the motion relies.[2] Any ground not specifically stated in such a motion is not preserved for appeal.[3] The reasoning underlying this holding is that when specific grounds are stated and the absent proof is pinpointed, the circuit court can either grant the motion, or if justice requires, allow the State to reopen its case and supply the missing proof.[4] A further reason that the motion must be specific is that this court may not decide an issue for the first time on appeal.[5] The failure of a defendant to challenge the sufficiency of the evidence at the times and in the manner required will constitute a waiver of any question pertaining to the sufficiency of the evidence to support the verdict.[6] A party is bound by the scope and nature of his directed-verdict motion and cannot change the grounds on appeal.[7]

---

[1]*Friday v. State*, 2018 Ark. 339, 561 S.W.3d 318.

[2]*See Newton v. State*, 2011 Ark. App. 190, 382 S.W.3d 711. *See also* Ark. R. Crim. P. 33.1 (2018).

[3]*Id.*

[4]*Phillips v. State*, 361 Ark. 1, 203 S.W.3d 630 (2005).

[5]*Id.*

[6]Ark. R. Crim. P. 33.1(c).

[7]*Blanton v. State*, 2022 Ark. App. 44.

At the close of the State's case, counsel for Velazquez moved for a directed verdict stating,

Judge, we move for a directed verdict on the Battery charge, there is no evidence of injury that would be justified -- that would justify a Battery II conviction in this case. None whatsoever.

The circuit court denied the motion. Following Velazquez's waiver of the right to testify in his own defense, the testimony of Captain Mark Frost with the Dardanelle Police Department, and the close of all evidence, Velazquez renewed his directed-verdict motion, which the court again denied.

On appeal, in challenging the sufficiency of the evidence supporting his conviction for second-degree battery, Velazquez asserts that because no weapon was recovered, Itzyianna Estrada's[8] testimony that she did not see a weapon or knife, and the absence of medical evidence that the injuries to Perez were caused by a knife, the State failed to prove the "deadly weapon" element of the offense.

However, Velazquez failed to make this argument in his motions for directed verdict before the circuit court. Instead, at trial, Velazquez simply argued that the State failed to establish that there was evidence of an injury sufficient to justify a conviction for battery in the second degree. Velazquez's directed-verdict motion failed to mention, much less to identify, how the State's proof was insufficient to prove the deadly weapon element of the charged offense. Velazquez's motion for directed verdict only challenged the State's proof as to the severity of Perez's injuries, not the deadly weapon element. Accordingly, because Velazquez failed to raise the argument he now makes before the circuit court, it is not preserved for appellate review.[9]

---

[8]The incident occurred in Estrada's apartment.
[9]*Blanton*, *supra*.

Because Velazquez raises this failure to establish the deadly weapon element of the second-degree-battery-offense argument for the first time on appeal, it is not preserved for review.  Further, Velazquez has abandoned the only argument that he did make below—no evidence of injuries "that would justify a Battery II conviction."  A party is bound by the nature and scope of the objections and arguments made at trial and may not enlarge or change those grounds on appeal.[10]

A person commits battery in the second degree if, "[w]ith the purpose of causing physical injury to another person, the person causes physical injury to another person by means of a deadly weapon other than a firearm."[11]  At trial, Perez testified that Velazquez stabbed him in the arm multiple times with a knife, for which he sought medical attention and ultimately received between fourteen and sixteen stitches for the wounds.  Viewing the evidence in the light most favorable to the State, as required,[12] sufficient evidence was presented to establish that Velazquez used a deadly weapon to cause physical injury to Perez.

Additionally, Velazquez challenges the credibility of witnesses, particularly the testimony of Perez, pointing to his alcohol intake on the day of the incident and Perez's admission that he provided a false name to law enforcement.[13]  However, the jury assesses the credibility of witnesses, and it is

---

[10]*Merchant v. State*, 2017 Ark. App. 576, 532 S.W.3d 136.

[11]Ark. Code Ann. § 5-13-202(a)(2) (Supp. 2019).

[12]*See Benton v. State*, 2020 Ark. App. 223, 599 S.W.3d 353.

[13]Perez admitted that he provided law enforcement and the hospital with the name of his nephew instead of his own name because of his undocumented status and lack of financial means to pay for the medical treatment. He testified that he later contacted the police three times to correct his name, and the hospital has the correct name so that he can pay what is owed for the medical services he received.

free to believe all or part of any witness's testimony and may resolve questions of conflicting testimony and inconsistent evidence.[14] This court will not reweigh the evidence or assess the credibility of witnesses; that is the province of the fact-finder.[15]

Affirmed.

VIRDEN and GRUBER, JJ., agree.

*Potts Law Office*, by: *Gary W. Potts*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Brooke Jackson Gasaway*, Ass't Att'y Gen., for appellee.

---

[14]*Chambers v. State*, 2020 Ark. App. 54, 595 S.W.3d 371.

[15]*Id.*