SOUTHWESTERN HUMAN SERVICES INSTITUTE,
INC. *v.* Shirley A. MITCHELL

85-72                                      696 S.W.2d 722

Supreme Court of Arkansas
Opinion delivered September 30, 1985

*Henry & Duckett*, by: *Richard L. Lawrence*, for appellant.

No response by appellee.

ROBERT H. DUDLEY, Justice. Appellant, Southwestern
Human Services Institute, Inc., provided psychotherapy and
related services to appellee, Shirley Mitchell, from December 17,
1981 to September 7, 1982. Appellee did not pay for the services.
On July 9, 1984, more than twenty-two months after the services
had been provided, appellant filed suit to collect the debt. One of
the statutes of limitations then in effect, Ark. Stat. Ann. § 37-245
(Supp. 1985), provided that a "physician or other medical service

provider" must file a suit to collect a debt for "medical services" within eighteen months from the date the services were provided. Appellee filed a motion for summary judgment alleging that the debt was barred by the above cited statute of limitations.

Appellant filed an affidavit in opposition to the motion for summary judgment. The affidavit was executed by Douglas Stevens, appellant's president, and it provided in part:

> 2. That no medical services were provided Ms. Mitchell by Southwestern Human Services Institute, Inc., that I am not a physician, that neither I nor anyone associated with Southwestern Human Services Institute, Inc., provide medical services to anyone, that Southwestern Human Services Institute, Inc., is not a medical provider or provider of medical services and that I am licensed and permitted only to engage in the field of psychology testing, therapy and evaluation.
>
> . . .
>
> 6. That the direct services rendered Ms. Mitchell consisted of psychotherapy, evaluations, and rehabilitation sessions and that the court related services were for preparation and testimony in two separate Worker's Compensation court hearings.

The moving party, appellee, did not respond to the affidavit. The trial court held that there was no genuine issue of material fact for trial and that the evidence submitted showed that appellant's claim was barred by the statute of limitations. We reverse and remand.

Appellant's employee, Douglas Stevens, does not hold a medical degree. He is a psychologist. Psychologists are expressly prohibited from "in any way infringing upon the practice of medicine as defined in the laws of this State." Ark. Stat. Ann. § 72-1502(c) (Supp. 1985). Appellant's employee clearly is not a physician and is prohibited from practicing medicine. The only way appellant possibly could be included within the statute is if appellant could be considered as an "other medical service

provider." Psychologists do not normally provide medical services and are not governed by the medical board. Instead, they have their own board. Ark. Stat. Ann. § 72-1519 (Supp. 1985). Stevens' affidavit recites facts which show he did not provide medical care in this case.

■ The appellee argued below that a different statute defined "medical care provider" to include psychologists. That statute, § 34-2613(B) (Supp. 1985), involves an entirely different act, the doctors' protective act for malpractice cases. In addition, that act expressly provides that the term applies "[a]s used in this chapter." § 34-2613. It was not intended to be applied to the statute which is at issue in the case at bar.

■ The practice of psychology, as set out by the affidavit in this case, does not constitute the providing of medical service. Therefore, the eighteen month statute of limitations for providers of medical service is not applicable, and the case should not have been dismissed.

We reverse and remand for further proceedings.

PURTLE and HAYS, JJ., not participating.