Fred D. DAVIS III *v.* STATE of Arkansas

CA CR 05-608 228 S.W.3d 529

Court of Appeals of Arkansas
Opinion delivered February 15, 2006

*Charles Sidney Gibson*, for appellant.

*Mike Beebe*, Ark. Att'y Gen., by: *Vada Berger*, Ass't Att'y Gen., for appellee.

LARRY D. VAUGHT, Judge. Following a jury trial in Jefferson County Circuit Court, appellant Fred Davis was found guilty of attempting to evade or defeat a state tax in violation of Ark. Code Ann. § 26-18-201(a) (Repl. 1997). The jury recommended a sentence of three years in the Arkansas Department of Correction, and the court suspended imposition for three years. Davis argues on appeal that the trial court erred in denying his motion to dismiss based on selective prosecution and in requiring him to submit a DNA sample. We find no error and affirm.

Davis was serving as a circuit judge in Jefferson County when he was charged with attempting to evade or defeat a state tax after being pulled over for a traffic citation. Davis's vehicle had an improperly-affixed dealer license plate, and he had not paid sales tax on the vehicle since its purchase two years earlier. Prior to the trial, he filed a motion to dismiss on the grounds that the State

selectively prosecuted him in violation of his constitutional rights because he was an elected official. The court denied Davis's motion.

After he was convicted and sentenced, the court entered a judgment and disposition order on February 2, 2005, requiring Davis to submit a DNA sample pursuant to Ark. Code Ann. § 12-12-1109(a)(2)(A) (Repl. 2003), and to pay costs and fees associated with the case. Davis filed a motion to correct the judgment on February 16, 2005, arguing that because the judgment stated that the jury sentenced him, it was inaccurate. On February 17, 2005, Davis filed an amended motion to correct the judgment alleging that requiring him to submit a DNA sample was improper because he had been given a suspended sentence, which he argued was not a "sentence" as discussed in Ark. Code Ann. § 12-12-1109. Davis then filed a notice of appeal from "the judgment and sentence of the Court entered in this action on the 20th day of January, 2005" on March 9, 2005. The court entered an order denying Davis's motions to correct filed on March 10, 2005.

On appeal, we must determine whether the trial court erred in denying Davis's motion to dismiss based on selective prosecution and whether the trial court erred in denying Davis's motion with regard to the DNA sample.

The defendant shoulders the burden of establishing a claim for selective prosecution. *Owens v. State*, 354 Ark. 644, 128 S.W.3d 445 (2003). To establish a prima facie case, a defendant must show (1) that the government singled him out for prosecution while others similarly situated were not prosecuted for similar conduct and (2) that the government's action in thus singling him out was based on an impermissible motive such as race, religion or the exercise by defendant of constitutional rights. *Id.* at 658, 128 S.W.3d at 454. If such showing is made, the burden shifts to the government to disprove defendant's case at an evidentiary hearing. *Id.*, 128 S.W.3d at 454. Before a hearing is mandated, however, a defendant's claim must be supported by specific factual allegations that take the motion past a frivolous phase and raise a reasonable doubt as to the prosecutor's purpose. *Id.*, 128 S.W.3d at 454.

In support of his case, Davis presented court records illustrating the number of prosecutions in Jefferson County for violations of two statutes: Ark. Code Ann. § 27-14-601 (Supp. 2005), pertaining to failure to pay registration fees, and Ark. Code Ann.

§ 27-14-903 (Repl. 2004), concerning failure to transfer title. Davis argued that a percentage of these violations occurred because of a failure to pay sales tax, which could have been prosecuted under Ark. Code Ann. § 26-18-201(a). He asked the court to consider the Jefferson County numbers and estimate a minimum number of possible prosecutions for the entire state. He argued that only three people had actually been prosecuted under Ark. Code Ann. § 26-18-201(a) and that all three were elected officials.

 Davis's proof requires this court to assume that people charged with either failure to pay registration fees or failure to transfer title could have also been charged with attempt to defeat or evade a state tax. However, such a conclusion is not necessarily correct because a person who fails to register a vehicle or fails to transfer title does not always fail to pay sales tax.[1] Additionally, Davis fails to show any evidence that people not charged with failure to pay sales tax were situated similarly to him.

Even if we accepted his proof to establish that other persons similarly situated were treated differently, Davis fails to provide proof that the prosecutor in his case charged him based on an impermissible motive implicating the Equal Protection Clause of the Fourteenth Amendment. First, Davis asks this court to hold the entire State of Arkansas responsible for alleged selective prosecution, rather than the actual prosecutor that charged him with the offense. However, an overview of selective-prosecution cases reveals that the discriminatory intent at issue is that of the person who made the decision to prosecute. *See McCleskley v. Kemp*, 481 U.S. 279 (1987) (stating that a defendant who brings an Equal Protection argument must show that the decisionmakers in *his specific case* acted with a discriminatory purpose) (emphasis added); *United States v. Hastings*, 126 F.3d 310, 314 (4th Cir. 1997) (stating that "we will not impute the unlawful biases of the investigating agents to the persons ultimately responsible for the prosecution"); *United States v. Goulding*, 26 F.3d 656 (7th Cir. 1994) (declining to find impermissible motive where defendant failed to demonstrate that prosecutors who made the decision to charge acted vindictively). There was absolutely no evidence to prove that the special prosecutor assigned to Davis's case was involved in the decisions to charge or not charge other persons with violations of Ark. Code

---

[1] For instance, Ark. Code Ann. § 26-52-510(b)(1)(B) (Supp. 2005) only requires sales tax on vehicles with a purchase price that exceeds $2500.

Ann. § 26-18-201(a). Therefore, Davis failed to show that the prosecutor empowered with the authority to press charges decided to do so based on a constitutionally impermissible motive.

Davis also contends that, because the majority of the persons charged with a violation of the statute were elected officials,[2] this establishes a constitutional violation. He asks this court to hold that his status as an "elected official" places him in a protected class equal to those based on age, race, religion, or creed.

Our supreme court has stated that "[t]he Equal Protection Clause does not require that all persons be dealt with identically; it only requires that classification rest on real and not on feigned differences, that the distinctions have some relevance to the purpose for which the classification is made, and that the treatment be not so disparate as to be arbitrary." *Douthitt v. State*, 326 Ark. 794, 800, 935 S.W.2d 241, 244 (1996). Additionally, the Court of Appeals for the Seventh Circuit has held that:

> Assuming that the decision to indict . . . was based in part on consideration of [the defendant's] political prominence, this is not an impermissible basis for selection. It makes good sense to prosecute those who will receive the media's attention. Publication of the proceedings may enhance the deterrent effect of the prosecution and maintain public faith in the precept that public officials are not above the law.

*United States v. Peskin*, 527 F.2d 71, 86 (7th Cir. 1975). It appears that many other federal circuits agree. *See Hastings*, 126 F.3d at 315 (citing to several cases from various other circuits supporting the idea that potential deterrent effect of prosecuting a well-known person is proper consideration). We agree that elected officials are not members of a protected class for equal protection purposes. *See Owens v. State*, 354 Ark. at 644, 128 S.W.3d at 445. Because Davis failed to establish either requirement of his prima-facie case for selective prosecution, we affirm the trial court's decision to deny his motion to dismiss.

Davis also claims that the trial court erred when it ordered him to submit a DNA sample in accordance with Ark. Code Ann. § 12-12-1109(a)(2)(A), which requires that "a person who is

---

[2] Three people (including Davis) charged with a violation of Ark. Code Ann. § 26-18-201(a) were elected officials while one, Davis's friend who gave him the dealer tags for his car, was not.

adjudicated guilty . . . shall have a deoxyribonucleic acid (DNA) sample drawn as a condition of any sentence in which disposition will not involve an intake into a prison, jail, or any other detention facility or institution." He maintains that he was not "sentenced" because Ark. Code Ann. § 5-4-101(1) (Supp. 2005) defines suspended sentence as "a procedure whereby a defendant . . . is released by the court without pronouncement of sentence and without supervision." Therefore, he argues that because he has no "condition of sentence," he was not in the class of persons implicated by Ark. Code Ann. § 12-12-1109(a)(2)(A).

██ We do not have jurisdiction to entertain Davis's challenge to the DNA sample because he failed to file an amended notice of appeal after the court denied his post-trial motion to correct. Arkansas Rule of Appellate Procedure – Criminal 2(b)(2) provides that:

> A notice of appeal filed before disposition of any post-trial motions shall be treated as filed on the day after the entry of an order disposing of the last motion outstanding or the day after the motion is deemed denied. . . . Such a notice is effective to appeal the underlying judgment or order. A party who seeks to appeal from the grant or denial of the motion shall within thirty (30) days amend the previously filed notice. . . .

This rule required Davis to file an amended notice of appeal in order to challenge the denial of his post-trial motion to correct. He filed his notice of appeal on March 9, 2005, after he had filed two post-trial motions that were later denied by the trial court. To appeal either of those denials, he would have needed to file an amended notice of appeal, which he did not do. Therefore, his argument is not preserved for our review.

To reach the merits of Davis's DNA challenge, we would have to conclude that the DNA requirement was an illegal sentence. In *Bangs v. State*, 310 Ark. 235, 238, 835 S.W.2d 294, 295 (1992), our supreme court noted that "[t]he fact that an appellant does not object to an illegal sentence does not bar a challenge on appeal because Arkansas appellate courts treat allegations of void or illegal sentences much like jurisdictional questions, which can be raised for the first time on appeal."

We review questions of statutory interpretation de novo and construe criminal statutes strictly, resolving any doubts in favor of the defendant. *Stivers v. State*, 354 Ark. 140, 118 S.W.3d 558

(2003). We also adhere to the basic rule of statutory construction, which is to give effect to the intent of the legislature. *Id.* at 144, 118 S.W.3d at 561. We construe the statute just as it reads, giving the words their ordinary and usually accepted meaning in common language, and if the language of the statute is plain and unambiguous, and conveys a clear and definite meaning, there is no occasion to resort to rules of statutory interpretation. *Id.* at 144–45, 118 S.W.3d at 561. Additionally, in construing any statute, we place it beside other statutes relevant to the subject matter in question and ascribe meaning and effect to be derived from the whole. *Id.* at 145, 118 S.W.3d at 561.

Arkansas Code Annotated § 12-12-1109(a)(2)(A) requires that all persons "adjudicated guilty" are subject to the DNA requirement, even when those persons are not sentenced to jail, prison, or some other type of confinement. Arkansas Code Annotated § 12-12-1103(1) defines "adjudication of guilt" as "a finding of guilty by a jury." These statutes are clear and definite. Davis argues that these statutes conflict with Ark. Code Ann. § 5-4-101(a), which provides that a suspended imposition of sentence occurs without "pronouncement of sentence." However, Chapter 4 of Title 5 specifically notes that its definitions are for use only "in this chapter." Therefore, it would not apply to Title 12, Chapter 12 where the DNA statute is found. Our supreme court has declined to apply definitions used in one act to terms used in others when this language is present. *Southwestern Human Servs. Inst., Inc. v. Mitchell*, 287 Ark. 59, 696 S.W.2d 722 (1985).

Based on the clear, unambiguous language of Ark. Code Ann. § 12-12-1109(a)(2)(A) and Ark. Code Ann. § 12-12-1103(1), it is clear that the trial court did not illegally sentence Davis by requiring him to submit a DNA sample. As a whole, Title 12, Chapter 12 provides that the general assembly wanted all persons found guilty of a qualifying felony to submit a DNA sample. Whatever conflict Ark. Code Ann. § 5-4-101(a) may provide — if any — is resolved by the fact that those definitions are used only for Title 5, Chapter 4. Additionally, we are not entirely convinced that the requirement to give a DNA sample is even a "sentence" that can be illegal but rather an administrative function required by statute after a person has been adjudicated guilty.

Affirmed.

GRIFFEN and BAKER, JJ., agree.