2012 Ark. 440

**Stark LIGON, as Executive Director of the Arkansas Supreme Court Committee on Professional Conduct, Petitioner**

v.

**Fred D. DAVIS, III, Arkansas Bar No. 72033, Respondent.**

**No. 05–501.**

Supreme Court of Arkansas.

Nov. 29, 2012.

Office of Professional Conduct, by: Stark Ligon, Executive Director, for petitioner.

Gibson Law Office, Dermott, by: Charles Sidney Gibson, for respondent.

DONALD L. CORBIN, Justice.

This is an original action brought pursuant to the Arkansas Supreme Court Procedures Regulating Professional Conduct ("Procedures"), in which Petitioner Stark Ligon, as Executive Director of the Arkansas Supreme Court Committee on Professional Conduct ("Director"), seeks the disbarment of Respondent Fred D. Davis, III, an attorney licensed to practice law in the State of Arkansas. Our jurisdiction is pursuant to amendment 28 to the Arkansas Constitution, section 13(A) of the Procedures, and Rule 1–2(a)(5) of the Rules of the Arkansas Supreme Court. We conclude that the special judge's findings of fact and conclusions of law that Respondent engaged in serious misconduct are not clearly erroneous. We reject the recommendation that Respondent be sanctioned with a reprimand, however, and impose suspension from the practice of law for five years from the date of this opinion.

The record reflects that on June 10, 2004, Respondent was serving as circuit judge in Jefferson County and was cited for first-offense driving while intoxicated, failure to register a vehicle, and misuse of dealer tags. The latter two citations were ultimately dismissed. Respondent was found guilty of the DWI offense in district court and that conviction was affirmed in circuit court. As a result of the traffic stop, it came to light that Respondent had improperly affixed an expired dealer's license plate to his vehicle and that he had not paid the sales tax that was due on the vehicle, which he had purchased new some two years earlier. Accordingly, Respondent was charged in Jefferson County Circuit Court with the felony offense of attempting to evade or defeat a tax, a Class C felony and a violation of Ark.Code Ann. § 26–18–201 (Repl.2012). The instant disbarment proceeding stems from this felony charge.

Respondent was tried by a jury, which found him guilty of attempting to evade or defeat a tax and also recommended suspending the imposition of a three-year sentence. The circuit court entered a judgment and disposition order on February 2, 2005, acknowledging the jury's finding of guilt and suspended imposition of sentence and requiring Respondent to submit a DNA sample pursuant to Ark.Code Ann. § 12–12–1109(a)(2)(A) (Repl.2003), and to pay court costs of $150 and the DNA-sample fee of $250. Respondent appealed to the Arkansas Court of Appeals, which affirmed the jury's finding of guilt on the charge of attempting to evade or defeat a tax. *Davis v. State*, 94 Ark.App. 240, 228 S.W.3d 529 (2006). The court of appeals lacked jurisdiction, however, to address Respondent's challenge to the imposition of the DNA sample due to a defective notice of appeal. *Id.* Ultimately, in accordance with Ark.Code Ann. § 5–4–311 (Repl.2006) (repealed by § 13 of Act 570 of 2011), the circuit court entered an order of dismissal on February 25, 2011, finding that "a judgment of conviction was not entered by the Court and that the [Respondent], having fully complied with the conditions for the period of suspension, now hereby discharges the [Respondent] and dismisses these proceedings." The circuit court later entered an order to seal on April 18, 2011, pursuant to Ark.Code Ann. § 16–90–905 (Repl.2006), declaring that Respondent had satisfactorily complied with the court's order and had been rehabilitated.

While Respondent's three-year-suspension period and appeal were pending, his license to practice law was placed on interim suspension, and the Director filed the instant original petition ·for disbarment with this court on May 9, 2005. The petition alleged that a jury had adjudicated Respondent guilty of a felony offense;

namely, the attempt to evade or defeat a tax. The petition alleged that such conduct violated Rule 8.4(b) of the Model Rules of Professional Conduct, which provides that it is professional misconduct for a lawyer to commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness, or fitness as a lawyer in other respects. The petition alleged further that because such conduct constituted a serious crime, which is defined in section 2(J) of the Procedures as "any felony," disbarment proceedings were therefore mandatory. The Director later filed an amended petition for disbarment, adding an allegation that Respondent had violated Model Rule 8.4(c), which provides that it is professional misconduct for a lawyer to engage in conduct involving dishonesty, fraud, deceit, or misrepresentation. Respondent filed responses to both petitions, arguing among other things that he had not been convicted of a serious crime because he had not been sentenced. This court appointed the Honorable Graham Partlow as special judge to preside over the disbarment proceedings. *Ligon v. Davis*, 363 Ark. 95, 210 S.W.3d 906 (2005) (per curiam).

The Director moved for summary judgment on the basis that disbarment is the presumptive sanction when a felony conviction is involved. The Director contended that Respondent had been convicted of a felony because a jury had adjudicated Respondent guilty of a felony for which he had been sentenced to pay a fine by way of the $250 DNA-sample fee. The Director emphasized that Ark.Code Ann. § 12–12–1118 (Repl.2009) described the DNA-sample fee as a "mandatory fine." The special judge held a hearing and then entered a written order denying without prejudice the motion for summary judgment, reasoning that there were factual issues remaining as to whether Respondent had been convicted of a felony.

The special judge held a trial on the amended petition for disbarment on August 26, 2011. The special judge concluded that Respondent had indeed been adjudicated guilty of a felony but according to subsequent orders of the circuit court, the charges were dismissed and the records thereof were sealed. The special judge went on to conclude that, despite the subsequent orders from the circuit court, Respondent's underlying conduct violated Model Rules 8.4(b) and 8.4(c) and constituted serious misconduct pursuant to section 17(B) of the Procedures. Despite these findings, however, the special judge determined that, in accordance with section 17(E)(4) of the Procedures, application of the mitigating factors in section 19 demonstrated clear and convincing grounds for a sanction less severe than a restriction of Respondent's privilege to practice law. Accordingly, the special judge recommended the sanction of a reprimand. The special judge has now filed his findings of fact, conclusions of law, and recommended sanction with this court for our review.

In accordance with section 13(D) of the Procedures, we shall accept the findings of fact by the special judge in disbarment proceedings unless they are clearly erroneous; we shall impose the appropriate sanction, if any, as the evidence may warrant; and there will be no appeal from our decision except as may be available under federal law. *Ligon v. Newman*, 365 Ark. 510, 231 S.W.3d 662 (2006). A finding is clearly erroneous when, although there is evidence to support it, after reviewing the entire evidence, we are left with a definite and firm conviction that a mistake has been committed. *Id.* We view the evidence in a light most favorable to the decision of the special judge, resolving all inferences in favor of

his findings of fact. *Id.* Disputed facts and determinations of the credibility of witnesses are within the province of the special judge. *Id.* The purpose of disciplinary actions is to protect the public and the administration of justice from lawyers who have not discharged their professional duties to clients, the public, the legal system, and the legal profession. *Id.*

Also in accordance with section 13(D) of the Procedures, the parties have filed briefs with this court, and Respondent has briefed first as the appellant.[1] In his brief to this court, |₆Respondent asks us to adopt as our own the sanction of reprimand that was recommended by the special judge. In addition, Respondent asks us to overrule the special judge's findings of fact and conclusions of law so as to give effect to the expungement and to delete any finding that Respondent had engaged in conduct involving dishonesty, fraud, deceit, or misrepresentation. Respondent admits he was guilty of inattention to his personal business affairs, but denies any criminal intent on his part, despite the jury finding otherwise.

▮ The following testimony supports the special judge's finding that Respondent's conduct reflected adversely on his honesty. Respondent testified before the special judge and acknowledged his statements to the officer who had stopped him that he had purchased a new vehicle and did not have the money to pay the sales tax and that he had a friend that he was "kind of in [a] partnership with to help me with the tags." Respondent also acknowledged his testimony at his criminal trial that he did not know why he had put the dealer tag on his new vehicle rather than on an older pickup truck that he had been intending to try and sell. Finally, Respondent testified that he intended to go into business with the car dealer "for the purpose of being able to buy at wholesale and sell at the auction the vehicles that [his] sons were going through on a pretty regular basis." Considering the foregoing testimony given before the special judge, we cannot say that he was clearly erroneous in finding that Respondent had engaged in conduct involving dishonesty, fraud, deceit, or misrepresentation.

|₇We therefore deny Respondent's request to overrule the special judge's findings in this regard. We consider Respondent's remaining argument concerning the sanction in conjunction with the Director's arguments.

The Director raises two points in his brief. First, the Director contends that the special judge's recommended sanction of reprimand is not appropriate or merited under the totality of the evidence and circumstances, is a misapplication of section 17(E) of the Procedures, and should be modified by this court to either disbarment or a lengthy, prospective suspension. Second, the Director contends that the special judge erred as a matter of law in denying the motion for summary judgment by fail-

---

1. The parties and special judge agreed below that they would apply the version of the Procedures that became effective immediately upon adoption of this court's May 26, 2011 order, *In re Procedures of the Arkansas Supreme Court Regulating Professional Conduct of Attorneys at Law*, 2011 Ark. 242 (per curiam), with the exception that they would apply any sanction according to the Procedures as they existed at the time of Respondent's conduct. We note that this agreement was inconsistent in part with our statement in footnote three in *Ligon v. Rees*, 2010 Ark. 226, 364 S.W.3d 7, that we apply the version of the Model Rules and Procedures in effect at the time of the conduct. *See also Sexton v. Sup. Court Comm. on Prof'l Conduct*, 295 Ark. 141, 747 S.W.2d 94 (1988). However, the May 26, 2011 Procedures do not differ in any material way with respect to the issues presented in this particular case.

ing to find that the DNA-sample fee was a statutorily mandated fine and that a conviction had occurred.

■ At the outset, we note that the denial of summary judgment is not an appealable order or subject to review even after there has been a trial on the merits. *Estate of Hastings v. Planters & Stockmen Bank*, 307 Ark. 34, 818 S.W.2d 239 (1991). Accordingly, we do not address whether the special judge's denial of summary judgment was correct. The issue presented in the summary-judgment motion concerned whether Respondent had been convicted of a felony. The special judge addressed that issue after the trial in his findings and conclusions and concluded that no conviction had occurred. It is that finding that would be subject to our review, *if* it were necessary to our decision to accept or reject the special judge's recommended sanction. But it is not necessary to our decision today for two reasons. First, despite the finding of "no conviction," the special judge based his recommended sanction on the underlying conduct, not on the felony conviction. Second, this court has previously held that an attorney does not have to be charged with or convicted of a crime in order to have violated the rules of professional conduct prohibiting a criminal act that reflects adversely on his honesty, trustworthiness, or fitness as a lawyer. *Newman*, 365 Ark. 510, 231 S.W.3d 662. It is the underlying conduct that is at issue in this attorney-discipline proceeding and that is what we now address.

Respondent contends that under Arkansas law he has the absolute right to stand before this court and declare that the conduct of which he was criminally accused "shall be deemed as a matter of law never to have occurred." Ark.Code Ann. § 16–90–902 (Repl.2006). Respondent cites Ark.Code Ann. § 17–1–103(b)(2)(B) (Repl.

2010) in support of this contention, and suggests that this court consider itself to be a body that deals in licensing and therefore subject to follow the legislature's pronouncement of public policy to disregard criminal convictions that have been expunged when making decisions concerning registration, certification, and licensing of professions.

■ We decline Respondent's invitation to so hold. Amendment 28 to the Arkansas Constitution vests this court with exclusive power to regulate the practice of law and the professional conduct of attorneys. *Ball v. Roberts*, 291 Ark. 84, 722 S.W.2d 829 (1987). While we recognize the laudable public policy of contributing to the rehabilitation of criminals expressed by our General Assembly in section 17–1–103(b)(2)(B), and while we recognize our own application of similar policy in *Powers v. Bryant*, 309 Ark. 568, 832 S.W.2d 232 (1992), in deciding that an expunged conviction does not disqualify a person from holding public office, this court is simply not bound by such policy when engaging in the constitutional mandate of regulating and disciplining attorneys at law. As the Director argued to the special judge, expungement pursuant to a legislative enactment does not in any manner bind this court in its regulation of the practice of law. Accordingly, we conclude that the special judge did not err in considering Respondent's underlying conduct to be subject to discipline and sanction by this court's Committee on Professional Conduct.

■ That determination brings us to the recommended sanction of reprimand, and the Director's argument that it is not appropriate or supported by the evidence. In conducting our review, we hold steadfast to our decision in *Ligon v. Rees*, 2010 Ark. 223, 364 S.W.3d 19, to refrain from

comparing sanctions imposed in other attorney-discipline cases.

The special judge carefully considered which sanction to impose and entered a written recommendation setting forth his detailed analysis of the relevant factors. We therefore set out his order in its entirety.

## RECOMMENDATION OF SANCTION

Respondent's conduct has been classified as "serious misconduct" under Section 17 of the Procedures because it involved a finding of guilt of a "serious crime" as defined in Section 2J. This misconduct did not result in prejudice to another person; it was not part of a pattern of similar misconduct; and, most importantly, no client was affected or prejudiced by his misconduct.

Respondent simply made a serious error in judgment by using a dealer's tag on his personal vehicle that ultimately brought about his trial and finding of guilt by a jury for the crime of attempting to avoid or evade payment of a tax. He testified he was guilty of procrastination in his personal affairs and, while there is no reason to disbelieve his reasoning he was tried, found guilty, and the case was affirmed by the Arkansas Court of Appeals.

Petitioner argues he has damaged the legal profession, his misconduct was deliberate and, to maintain respect for the legal profession serious sanctions should apply.

The Preamble to Arkansas Rules of Professional Conduct provides in section (5):

"A lawyer's conduct should conform to the requirements of the law both in professional service to clients and in the lawyer's business and personal affairs."

Section 19 of the Procedures has been carefully considered. Section A sets forth factors to consider in recommending sanctions. The misconduct was serious since it involved the commission of a felony and, as is usually the case when a lawyer is found guilty of a criminal offense, there has been some damage to the legal profession.

Section B has been considered. He has no prior disciplinary offenses, there isn't a pattern of misconduct involved and he made immediate full and complete restitution by paying the sales tax together with penalties. While he didn't agree with the jury's verdict he did say he respected our jury system and he took full and complete responsibility for his actions.

Section C gives the factors to be considered in mitigation and all of those factors have been reviewed. He doesn't have any record of prior disciplinary action by the committee, he notified the Director upon completion of his trial of the results and an Interim Order of Suspension was then entered.

It must be noted also that he was a duly elected and acting Circuit Judge and, as a result of the jury verdict the Judicial Discipline and Disability Commission censured him and found he was not qualified to seek or hold any judicial office in the future. He had taken voluntary retirement when that commission filed its petition but, notwithstanding that, they entered the order censuring him.

He has suffered irreparable damage to his reputation and there is no doubt he has been humiliated by his arrest, trial, conviction and the attendant publicity.

Section 17(E)(4) of the Procedures provides for a reprimand in cases of serious misconduct and, in this case it is

**870**

felt that the application of the factors in Section 19 substantially demonstrate clear and compelling grounds for a sanction less severe than a restriction of his privilege to practice law.

It is therefore recommended that a reprimand be issued against Respondent.

Respectfully submitted this 29th day of August, 2011.

/s/ _____
Graham Partlow
Special Judge

█ While we agree with much of the special judge's foregoing analysis and the implication that disbarment is not warranted, we simply cannot agree with his recommendation that the record before us demonstrates the "very limited circumstances" in which there are clear and compelling grounds to justify a reprimand as an appropriate sanction for serious misconduct. *See* Ark. Sup.Ct. P. Regulating Prof'l Conduct § 17(E)(4). We are troubled by a lack of remorse on Respondent's part for the damage to the legal profession that his serious misconduct has caused. We are furthermore troubled by the presence of an aggravating factor not discussed by the special judge—Respondent's refusal to acknowledge the wrongful nature of his conduct. *See* Ark. Sup.Ct. P. Regulating Prof'l Conduct § 19(B)(7).[2] Respondent persists in maintaining the position that his conduct amounted to nothing more than procrastination and inattention to his personal business matters. Those personal business matters, however, are nothing less than the licensing, registration, and taxing laws of this state pertaining to motor vehicles. A lawyer's failure to comply with the law, regardless of whether it is the result of deliberation or inattention, hardly amounts to the "very limited circumstances" that would warrant a sanction less than restriction of his license to practice law. We therefore affirm the special judge's findings of fact and conclusions of law, including the findings of serious misconduct and conduct involving dishonesty and deceit, and we impose the maximum five-year period of suspension authorized by the Procedures. We deny Respondent's request that the suspension be made retroactive to coincide or overlap with his interim suspension. The five-year suspension shall begin to run as of the date of this opinion.

Petition for disbarment denied; five-year prospective suspension ordered.

2. We cite to the current version of the Procedures simply for the sake of the reader's convenience. Though not formally made a part of our Procedures until adoption of the May 26, 2011 per curiam, this court approved the use of these aggravating and mitigating factors identified by the American Bar Association Joint Committee on Professional Standards in *Wilson v. Neal*, 332 Ark. 148, 964 S.W.2d 199 (1998).