# United States Court of Appeals
## For the Eighth Circuit

_____

No. 14-1094

_____

United States of America

*Plaintiff - Appellee*

v.

Ronnie Fire Cloud, also known as Ronald Fire Cloud

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of South Dakota - Aberdeen

_____

Submitted: November 10, 2014
Filed: March 13, 2015

_____

Before MURPHY, MELLOY, and BENTON, Circuit Judges.

_____

MELLOY, Circuit Judge.

A grand jury indicted Ronnie Fire Cloud for aggravated sexual abuse by force and attempted aggravated sexual abuse under 18 United States Code section 2241(a). At his trial, Fire Cloud requested the district court[1] instruct the jury regarding a lesser-

_____

[1]The Honorable Charles B. Kornmann, United States District Judge for the District of South Dakota.

included offense, abusive sexual contact, with respect to Count I, the charge for aggravated sexual abuse by force. See 18 U.S.C. § 2244(a)(1). On Count I, the jury found Fire Cloud guilty of the lesser-included offense of abusive sexual contact. On Count II, the jury found him guilty of attempted aggravated sexual abuse. Fire Cloud appeals, claiming that there was insufficient evidence of "force" to support the convictions. Because the evidence taken in the light most favorable to the verdict and reasonable inferences drawn from that evidence demonstrate that a reasonable jury could have found Fire Cloud guilty for both offenses, we affirm.

## I.

At Fire Cloud's trial, witnesses described the following events. A woman wanted to spend time with her boyfriend a few days before her birthday, so on November 1, 2010, she met him in McLaughlin, South Dakota, a town within the Standing Rock Indian Reservation. The woman's boyfriend was friends with Appellant Ronnie Fire Cloud. The woman had never met Fire Cloud before, but she accompanied her boyfriend to Fire Cloud's home. After a night of drinking alcohol and socializing at Fire Cloud's house and at a local bar, the couple went to sleep in one of Fire Cloud's spare bedrooms sometime around 4:00 in the morning.

The couple woke up around 8:00 or 9:00 a.m. Because the woman suffered from diabetes and had low blood sugar, her boyfriend left Fire Cloud's home to get her food. The woman asked Fire Cloud if she could use his shower. Fire Cloud consented. The woman entered the bathroom, locked the door, and began showering.

Soon Fire Cloud entered the bathroom; he was nude. While the woman was in the shower, he snuck up on the woman from behind, rubbed his penis against her buttocks, and grabbed between the woman's legs with his left hand. He attempted to reach one of the woman's breasts with his right hand, but the woman clamped her arm down and held Fire Cloud's hand between her arm and ribs to block his hand from

reaching her breast. Fire Cloud continued pushing his hand forward. The woman "yanked away," turned around, and pushed Fire Cloud. She screamed at him to get away and told him she was going to tell her boyfriend what had happened. Fire Cloud did not leave; as the woman explained in trial, "he wouldn't get away." He instead told the woman, "Come on baby. I know you want me." He reapproached her and tried to kiss her on the neck. She again pushed him away. She grabbed her clothes and ran out of Fire Cloud's house.

The woman eventually found a ride home. She did not call the police immediately upon arriving home because she was scared and believed the incident was her fault. The next day, however, she informed police of what had happened.

Because Fire Cloud is an Indian and his home is on Indian land, the United States Attorney's Office for the District of South Dakota sought an indictment from a federal grand jury. The grand jury indicted Fire Cloud for two counts of sex-related crimes. Count I charged Fire Cloud with aggravated sexual abuse by force under 18 United States Code sections 1153 and 2241(a). Count II charged him with attempted aggravated sexual abuse under sections 1153 and 2241(a). At trial, the district court instructed the jury as to a lesser-included offense of abusive sexual contact under section 2244(a)(1) as to Count I.

Fire Cloud was tried on October 15 and 16, 2013. Although the jury found him not guilty of aggravated sexual abuse by force on Count I, it found him guilty of the lesser-included offense of abusive sexual contact. On Count II, the jury found him guilty of attempted aggravated sexual abuse. Fire Cloud appeals.

## II.

Fire Cloud contends that the jury had insufficient evidence to convict him of either abusive sexual contact or attempted aggravated sexual abuse. When

determining whether evidence was sufficient to support a jury's verdict, we view the evidence in the light most favorable to the verdict and draw all reasonable inferences from the evidence in favor of the verdict. United States v. Ali, 616 F.3d 745, 755 (8th Cir. 2010). Viewed in this light, the evidence is sufficient if any reasonable jury could have found the defendant guilty beyond a reasonable doubt. Id.

Among other elements of both crimes, the government had to prove that Fire Cloud completed the sexual conduct or attempted conduct "by using force against [the victim]." See 18 U.S.C. §§ 2241(a), 2244(a)(1); United States v. Tarnow, 705 F.3d 809, 813–14 (8th Cir. 2013) (describing the elements of aggravated sexual abuse); United States v. Allery, 139 F.3d 609, 611 (8th Cir. 1998) (describing the elements of abusive sexual contact). Fire Cloud does not argue that the government presented insufficient evidence on any of the other elements; he challenges simply that the jury had sufficient evidence to find that he used force.

Neither section 2241 nor 2246 (the section containing definitions for the various crimes in Chapter 109A) define the term "force." We previously have held the force element has been satisfied when "the defendant overcomes, restrains, or injures the victim." United States v. Eagle, 133 F.3d 608, 610 (8th Cir. 1998). And simply because a victim was able to escape does not mean that the defendant did not use force. Allery, 139 F.3d at 611–12.

Fire Cloud contends that the trial testimony fails to show that he restrained or injured the woman in any way, and therefore the evidence was insufficient to demonstrate force. We disagree. The woman testified that Fire Cloud snuck up on her from behind and grabbed her while she was in the shower of a bathroom that she locked when she entered. Fire Cloud placed one hand between her legs and attempted to place the other on her breast. She blocked the hand reaching for her breast, but Fire Cloud continued pushing it forward. She had to "yank[] away" to free herself. When she freed herself from Fire Cloud's grasp, she yelled at him to get away. But

Fire Cloud "wouldn't get away," and he reapproached the shower and attempted to kiss the woman. She then was forced to "shove[] him again" before she could escape the shower and leave the bathroom.

Viewing the facts in the light most favorable to the verdict and drawing all reasonable inferences in this light, a reasonable jury could find Fire Cloud guilty beyond a reasonable doubt of both counts. A reasonable jury could infer that Fire Cloud restrained the woman, thereby satisfying each count's force requirement. The fact that the woman was able to escape Fire Cloud without additional unwelcome sexual contact does not disprove the use of force. See Allery, 139 F.3d at 611–12.

We affirm the judgment of the district court.

_____