
# ARKANSAS COURT OF APPEALS

DIVISION I
No. CR–17–131

| | | |
|---|---|---|
| DAVID MYERS | | **Opinion Delivered** November 15, 2017 |
| | APPELLANT | APPEAL FROM THE JEFFERSON COUNTY CIRCUIT COURT [NO. 35CR-99-825] |
| V. | | |
| STATE OF ARKANSAS | | HONORABLE JODI RAINES DENNIS, JUDGE |
| | APPELLEE | |
| | | REVERSED AND REMANDED |

**N. MARK KLAPPENBACH, Judge**

David Myers appeals from the order of the Jefferson County Circuit Court denying his petition to terminate his obligation to register as a sex offender. On appeal, Myers contends that the circuit court erred in concluding that he had committed an aggravated sex offense and was thus not eligible to have his obligation terminated. We agree with Myers and reverse and remand.

In 2000, Myers pleaded guilty to sexual abuse in the second degree, a Class A misdemeanor. He was placed on probation for twelve months and ordered to register as a sex offender. After registering for more than fifteen years, Myers filed a petition in 2016 to terminate his obligation to register pursuant to Arkansas Code Annotated section 12-12-919 (Repl. 2016). This statute provides that fifteen years after having been released from incarceration or after having been placed on probation, a sex offender may petition the court to terminate his or her obligation to register upon proof by a preponderance of the evidence

SLIP OPINION

that the applicant has not been adjudicated guilty of a sex offense during the past fifteen years and is not likely to pose a threat to the safety of others. Ark. Code Ann. § 12-12-919(b). However, lifetime registration is required for certain categories of sex offenders, including a sex offender who was found to have committed an aggravated sex offense. Ark. Code Ann. § 12-12-919(a)(1). The State contended that Myers was subject to lifetime registration because he had committed an aggravated sex offense by engaging in a sexual act with a person younger than twelve years of age.

Following a hearing, the circuit court entered an order denying Myers's petition. The court concluded that Myers had committed an aggravated sex offense, which is defined as "an offense in the Arkansas Code substantially equivalent to 'aggravated sexual abuse' as defined in 18 U.S.C. § 2241 as it existed on March 1, 2003." Ark. Code Ann. § 12-12-903(3). The court's order stated as follows:

> The federal statute contains several methods under which an offense is aggravated sexual abuse. The applicable definition for this case is 18 U.S.C. § 2241(a)(1) which states that aggravated sexual abuse is committed when a person knowingly causes another person to engage in a sexual act by using force against that other person.

The court then determined that Myers's offense, sexual abuse in the second degree, met the requirements of a sexual act committed by force and was thus an aggravated sex offense.

On appeal, Myers argues that the circuit court erred in its interpretation of what constitutes an aggravated sex offense under Arkansas Code Annotated section 12-12-903(3). We review questions of statutory interpretation de novo and construe criminal statutes strictly, resolving any doubts in favor of the defendant. *Davis v. State*, 94 Ark. App. 240, 228

2

SLIP OPINION

S.W.3d 529 (2006). We also adhere to the basic rule of statutory construction, which is to give effect to the intent of the legislature. *Id.* We construe the statute just as it reads, giving the words their ordinary and usually accepted meaning in common language, and if the language of the statute is plain and unambiguous and conveys a clear and definite meaning, there is no occasion to resort to rules of statutory interpretation. *Id.* Additionally, in construing any statute, we place it beside other statutes relevant to the subject matter in question and ascribe meaning and effect to be derived from the whole. *Id.* In interpreting a statute, we construe it so that no word is left void, superfluous, or insignificant, and we give meaning and effect to every word in the statute, if possible. *Burgess v. State*, 2016 Ark. 175, 490 S.W.3d 645.

Specifically, Myers argues that the circuit court erred in defining "force" in a way that nullified another subsection of the aggravated-sexual-abuse statute, and he claims that the court should have defined it to mean physical force. Myers contends that he did not commit any acts of force to engage the victim in sexual contact. The State does not address Myers's arguments but instead claims that the circuit court merely found that he had failed to prove that he was not likely to pose a threat to the safety of others.

We disagree with the State. It is abundantly clear from the circuit court's order that the sole basis for the denial of the petition was the finding that, as argued by the State below, Myers had committed an aggravated sex offense and was subject to lifetime registration. The circuit court ruled on the force issue as follows:

The second requirement for sexual abuse in the second degree to be aggravated sexual abuse, a defendant must have committed the crime by using force. David Myers committed sexual abuse in the second degree when he engaged in sexual contact with a person not his spouse who was less than 14 years old. The State advises that the victim was six years old.

Myers argues that he was not accused of using physical force; therefore, the offense is not one that requires lifetime registration. Neither the federal nor state statute includes the term physical. The use of the term force without limiting it by a modifier indicates that the legislative intent is to include all of the types of force a person can employ to obtain his goal. Force includes the ability to sway or influence. Crimes committed against children have been enacted embracing the opinion that consensual sex and children are incongruous. Submission is not consent. Making someone do something against his will is force.

Neither 18 U.S.C. § 2241, the aggravated-sexual-abuse statute, nor 18 U.S.C. § 2246, the statute containing definitions for various crimes in the chapter, define the term "force." *United States v. Cloud*, 780 F.3d 877, 879 (8th Cir. 2015). However, the Eighth Circuit has held that the force element is satisfied when the defendant overcomes, restrains, or injures the victim. *Id.*

Myers's offense of sexual abuse in the second degree was defined in 1999 as follows:

(a) A person commits sexual abuse in the second degree if:
. . . .
(2) Being less than eighteen (18) years old, he or she engages in sexual contact with a person not his or her spouse who is less than fourteen (14) years old. It is an affirmative defense to prosecution under this subdivision (a)(2) that the actor was not more than two (2) years older than the victim;
. . . .

Ark. Code Ann. § 5-14-109.[1] This definition does not require the use of force whether by

---

[1]This statute was repealed by Act 1738 of 2001.

restraint, violence, or otherwise. Therefore, we hold that sexual abuse in the second degree is not a substantially equivalent offense to aggravated sexual abuse as defined in 18 U.S.C. § 2241(a)(1), knowingly causing another person to engage in a sexual act by using force against that other person.

As Myers argues, defining force to include any act against children, due to their inability to consent, would render another subsection of section 2241 superfluous. While subsection (a) provides definitions for aggravated sexual abuse "by force or threat," subsection (c) provides definitions of the crime against children:

> With children.--Whoever crosses a State line with intent to engage in a sexual act with a person who has not attained the age of 12 years, or in the special maritime and territorial jurisdiction of the United States or in a Federal prison, *knowingly engages in a sexual act with another person who has not attained the age of 12 years*, or knowingly engages in a sexual act under the circumstances described in subsections (a) and (b) with another person who has attained the age of 12 years but has not attained the age of 16 years (and is at least 4 years younger than the person so engaging), or attempts to do so, shall be fined under this title, imprisoned for any term of years or life, or both. If the defendant has previously been convicted of another Federal offense under this subsection, or of a State offense that would have been an offense under either such provision had the offense occurred in a Federal prison, unless the death penalty is imposed, the defendant shall be sentenced to life in prison.

18 U.S.C. § 2241(c) (emphasis added); *See United States v. JDT*, 762 F.3d 984 (9th Cir. 2014); *United States v. Bordeaux*, 997 F.2d 419 (8th Cir. 1993) (convictions under section 2241(c) defined as knowingly engaging in a sexual act with another person who has not attained the age of twelve years). A conviction for aggravated sexual abuse under subsection (c) does not require proof of the use of force. Although the State has abandoned this argument on appeal, below it argued that Myers's offense met the requirements of an aggravated sex offense

5

SLIP OPINION

because he engaged in a sexual act with a person younger than twelve years of age.

Even had the circuit court here compared Myers's offense with section 2241(c) instead of section 2241(a)(1), it is apparent to us that the offenses are likewise not substantially equivalent. Both section 2241(a)(1) and section 2241(c) require a "sexual act." As noted in the circuit court's order, the federal definition of sexual act includes

> the intentional touching, not through the clothing, of the genitalia of another person who has not attained the age of 16 years with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person.

18 U.S.C. § 2246(2)(D). Myers's offense of sexual abuse in the second degree requires "sexual contact," which is defined as

> any act of sexual gratification involving the touching, directly or through clothing, of the sex organs, buttocks, or anus of a person or the breast of a female.

Ark. Code Ann. § 5-14-101(10). The circuit court's order noted only part of the definition of sexual contact: "the touching, directly or through clothing, of the sex organs of another." The court found that because both sexual contact and sexual act include "the touching of the sex organs i.e. genitalia of another," it was "clear that the Arkansas statutory definition of sexual contact is substantially equivalent to the federal statutory definition of a sexual act." We disagree. Sexual contact can be committed by the touching of the buttocks, anus, or breasts through clothing, but a sexual act requires touching, not through clothing, of genitalia. The federal definition encompassing the touching of buttocks, anus, or breasts through clothing is, like the Arkansas term, called "sexual contact":

> [T]he term "sexual contact" means the intentional touching, either directly or

through the clothing, of the genitalia, anus, groin, breast, inner thigh, or buttocks of any person with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person.

18 U.S.C. § 2246(3). Because any definition of aggravated sexual abuse specifically requires a "sexual act," not "sexual contact," sexual abuse in the second degree, which requires only sexual contact, is not a substantially equivalent offense.

Reversed and remanded.

WHITEAKER and VAUGHT, JJ., agree.

*Melissa Sawyer*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Michael A. Hylden*, Ass't Att'y Gen., for appellee.