Cite as 2020 Ark. 81

# SUPREME COURT OF ARKANSAS

No. D-18-689

|  |  |
|---|---|
| STARK LIGON, AS EXECUTIVE DIRECTOR OF THE SUPREME COURT COMMITTEE ON PROFESSIONAL CONDUCT | Opinion Delivered: February 20, 2020 |
| PETITIONER | AN ORIGINAL ACTION IN THE SUPREME COURT OF ARKANSAS |
| V. | HONORABLE TED C. CAPEHEART, SPECIAL JUDGE |
| BOBBY D. MCCALLISTER ATTORNEY AT LAW, ARKANSAS BAR NO. 91103 | SPECIAL JUDGE'S RECOMMENDATION ADOPTED; NINE-MONTH SUSPENSION ORDERED. |
| RESPONDENT | |

**RHONDA K. WOOD, Associate Justice**

This attorney-discipline proceeding raises the issue of the appropriate sanction for an attorney who failed to file state income-tax returns over several years. The attorney was a sitting circuit court judge when the misconduct came to light. A special judge made findings and recommended a nine-month suspension of the attorney's license to practice law. We accept the special judge's findings and adopt his recommendation.

I.  *Factual Background*

The Executive Director of the Supreme Court Committee on Professional Conduct ("Director") filed a petition for disbarment against Bobby D. McCallister. The petition was filed as an original action with this court under section 13(A) of the Procedures of the

Arkansas Supreme Court Regulating Professional Conduct of Attorneys at Law ("Procedures"). We appointed a special judge to make findings of fact, render conclusions of law, and recommend an appropriate sanction. *Ligon v. McCallister*, 2018 Ark. 272.

The facts are not disputed. McCallister obtained his law license in 1991 and served as a circuit court judge in Saline County from 2009 through 2017. During his time as a judge and prior thereto, McCallister admittedly failed to file state income-tax returns. As a result, McCallister was charged with four counts of violating Arkansas Code Annotated section 26-18-202 (Repl. 2012) ("Failure to pay or file return") for tax years 2011, 2012, 2013, and 2015. This court temporarily suspended McCallister from office in July 2017.[1] McCallister subsequently resigned from office effective December 15, 2017. A few days later, McCallister entered a no-contest plea to a single count of violating section 26-18-202. He was placed on probation for forty-eight months and ordered to pay a fine of $1500 plus court costs.

The Director's petition here alleged that McCallister violated Rules 8.4(b), (c) & (d) of the Arkansas Rules of Professional Conduct ("Rules") by failing to file state income-tax returns for tax years 2011, 2012, 2013, and 2015. A two-day hearing was held in April 2019. The Director presented an auditor from the Arkansas Department of Finance and Administration as his primary witness. The auditor testified that the Department had no records of McCallister filing a state income-tax return for tax years 2001–2003 and 2005–

---

[1]McCallister agreed to the temporary suspension. *See In re Bobby McCallister, Saline Co. Cir. Ct., Div. 1*, D-17-594 (Ark. July 17, 2017).

2009. Further, McCallister's returns for tax years 2010–2013 and 2015 were all untimely filed—each was filed late on July 14, 2017. However, the auditor testified that Department records showed McCallister owed no money to the state for delinquent taxes. (McCallister contends his payroll-tax withholdings were sufficient to cover his state income-tax liability.)

McCallister also testified at the hearing. He stated he was currently practicing law in Saline County. He admitted that he failed to "timely file" many state income-tax returns. He explained that he was "never . . . really good as a business person or with money." He explained that he maximized his payroll withholdings so that he would not owe any additional taxes. He noted that he worked with a tax service to get his finances in order during his divorce, which included filing several late returns in July 2017. McCallister testified, however, that he received notice from the state about a $3000 tax lien for tax year 2000. He also testified that he faced a $100,000 tax lien from the IRS. As a result, McCallister filed for Chapter 13 bankruptcy protection.

McCallister admitted to a prior disciplinary offense from 2002 when he was a practicing attorney. He received a caution pursuant to a "Consent Order of Discipline" for missing the deadline to refile a dismissed civil action. McCallister testified that his community involvement included service as a member of the local school board; as a long-time, volunteer assistant with the high school football team; and as a youth teacher at his church.

McCallister also presented over a dozen character witnesses, including numerous members of the bench and bar. All generally testified to McCallister's good reputation in

the community. For example, Mike Robinson, a district judge in Saline County, testified that McCallister had appeared in front of him since leaving the bench and that McCallister was professional, honest, and straightforward. Judge Robinson recommended that McCallister retain his law license. Another circuit judge testified that he and McCallister were colleagues and frequently discussed juvenile-law issues while both were on the bench. The judge testified that McCallister's reputation was outstanding and that McCallister was held in good esteem among other judges; he also recommended that McCallister keep his law license. In addition to the positive testimony from these judges, McCallister's current law partners testified that McCallister had solid character and that he served as a mentor and teacher to the younger partner.

After hearing all the testimony and argument, the special judge issued findings of fact and conclusions of law. The special judge concluded that McCallister violated Rules 8.4(b), (c) & (d).[2] The special judge further concluded that McCallister's actions constituted "Serious Misconduct" under Section 17(B) of the Procedures, finding that

---

[2]It is professional misconduct for a lawyer to:

. . .

(b) commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects;

(c) engage in conduct involving dishonesty, fraud, deceit or misrepresentation; [or]

(d) engage in conduct that is prejudicial to the administration of justice.

Ark. R. Prof'l Conduct 8.4 (2019).

three relevant factors applied.[3] The special judge next examined relevant factors from section 19 of the Procedures and recommended that McCallister's law license be suspended for nine months.

## II. *Law and Analysis*

This petition for disbarment comes to us as an original action. *See* Procedures § 13(A). Consistent with the framework set forth for disbarment proceedings, the special judge's findings, legal conclusions, and recommendation have been filed with this court. *Id.* § 13(D). We will accept the special judge's findings of fact unless they are clearly erroneous. *Ligon v. Walker*, 2009 Ark. 136, at 7, 297 S.W.3d 1, 5. However, this court imposes the appropriate sanction as warranted by the evidence. *Id.* The purpose of disciplinary actions is to protect the public and the administration of justice from lawyers who have not discharged their professional duties to clients, the public, the legal system, and the legal profession. *Ligon v. Dunklin*, 368 Ark. 443, 448, 247 S.W.3d 498, 503 (2007).

The parties do not dispute the special judge's conclusion that McCallister's conduct violated Rule 8.4 and that it constituted serious misconduct.[4] The parties dispute only the

---

[3]First, the special judge concluded that the misconduct involved "dishonesty, deceit, fraud, or misrepresentation." The court noted that the no-contest plea involved an element of willfulness and pointed out McCallister's failure to file over several years. Second, the special judge concluded that the misconduct involved a "pattern of similar misconduct," noting McCallister's failure to file for nine years and filing late for four years. Third, the special judge concluded that the misconduct constituted a "Serious Crime" as defined in Section 2(J) of the Procedures. Under section 2(J), a "Serious Crime" means any felony. The court noted here that the crime to which McCallister pleaded no-contest is a Class D felony. *See* Ark. Code Ann. § 26-18-202 (Repl.2012).

special judge's recommended sanction of a nine-month suspension from the practice of law. Serious misconduct warrants a sanction terminating or restricting the lawyer's license to practice law, whereas lesser misconduct does not. *Ligon v. Tapp*, 2017 Ark. 185, at 12–13, 519 S.W.3d 315, 323–24. The sanctions enumerated in section 17 are divided by serious and lesser misconduct. *Id.* When the Rules have been violated by either serious or lesser misconduct, a penalty phase proceeds, and the parties can present evidence regarding aggravating and mitigating factors to assist in determining the appropriate sanction. *Dunklin*, 368 Ark. at 458, 247 S.W.3d at 509; *Ligon v. Price*, 360 Ark. 98, 114, 200 S.W.3d 417, 427 (2004).

McCallister maintains that the recommended sanction is too harsh and that he should receive either a shorter suspension or a reprimand. The Director maintains that the facts warrant a more severe sanction. In arguing that the sanction should be more severe, the Director points us to several past cases; however, none of these cases contain sufficient similarities to the present case to constitute controlling or persuasive authority. *See, e.g.*, *Neal v. Matthews*, 342 Ark. 566, 30 S.W.3d 92 (2000) (imposing a five-year suspension for forging signatures on a legal opinion to obtain a loan; attorney also pleaded guilty to federal crimes and served prison time); *Neal v. Hollingsworth*, 338 Ark. 251, 992 S.W.2d

---

[4]The special judge's findings that McCallister violated Rule 8.4(b), (c), and (d) by failing to timely file tax returns in the years 2011, 2012, 2013, and 2015 are not clearly erroneous. The Director did not allege that McCallister's pre-2011 conduct violated any Rule. Thus, to the extent the special judge considered McCallister's failure to file tax returns in the years before 2011, we assume such consideration influenced only the appropriate sanction.

6

771 (1999) (disbarring attorney for mishandling client funds); *Cambiano v. Ligon*, 345 Ark. 124, 44 S.W.3d 719 (2001) (disbarring attorney for making false statements to a financial institution for the benefit of a client; attorney also pleaded guilty to a federal crime and sentenced to probation). Even if these or other cases were relevant, we have refrained from comparing sanctions imposed in other attorney-discipline cases. *Ligon v. Davis*, 2012 Ark. 440, at 9, 424 S.W.3d 863, 868–69 (citing *Ligon v. Rees*, 2010 Ark. 223, 364 S.W.3d 19)

Because the special judge concluded that the misconduct was serious, the misconduct warrants a sanction terminating or restricting McCallister's license to practice law. To determine the appropriate sanction, section 13(B) of the Procedures directs the special judge to hear evidence regarding the factors set forth in section 19. Under what are termed the "General Factors," the special judge found that the misconduct was "deliberate or intentional" and that McCallister had a prior disciplinary record. Under what are termed the "Aggravating Factors," the special judge again considered McCallister's prior disciplinary offense, his pattern of misconduct, and the fact that the conduct was illegal. The special judge also emphasized that the conduct occurred while McCallister was serving as a public official. The judge also considered as a "Mitigating Factor" McCallister's good reputation in the community, positive testimony from members of the bench and bar, and McCallister's volunteer work.

Taking all the above into account, the special judge recommended a nine-month suspension. The special judge reasoned as follows:

Although McCallister engaged in serious misconduct by failing to file tax returns, the mitigating factors regarding his character and good works in the legal field should be considered. It is also recognized that the precedents primarily involve a failure to file and pay taxes, which are different circumstances from McCallister's failure to file while withholding the actual tax due. Furthermore, it is important to consider that McCallister can no longer serve as a circuit judge . . . [and] suffered considerable harm to his reputation.

We accept the special judge's findings of fact. The special judge's order was comprehensive and well-reasoned. We note that McCallister's conduct occurred while he served as a sitting circuit-court judge. Judges must be held to a higher standard. His failure to file timely income-tax returns over a long period of time had the effect of lessening the public's faith in the judicial system. For this reason, we disagree with McCallister that the sanction should be less than a nine-month suspension. But a more severe sanction is not warranted either. McCallister has already received discipline related to his conduct occurring while he was a judge. He received the ultimate judicial discipline by having to resign from office.

Other mitigating factors weigh in favor of the nine-month sanction. It does not appear that McCallister received any personal financial windfall by failing to file. While his failure to file began as a single violation that snowballed and renewed annually, it is significant that McCallister increased his withholding such that enough taxes were withheld throughout this period. His misconduct did not relate to the practice of law. And because McCallister had no clients, none were affected. McCallister has a strong positive reputation in his community and one of continual engagement in volunteer work. Members of his community and the bench and bar testified to McCallister's good

8

reputation. We adopt the recommendation that McCallister be suspended from the practice of law for nine months. Given that his conduct was unrelated to the practice of law, this sanction is sufficient to protect the public and the administration of justice.

Special judge's recommendation adopted; nine-month suspension ordered.

KEMP, C.J., and WYNNE, J., concur in part; dissent in part.

**JOHN DAN KEMP, Chief Justice, concurring in part and dissenting in part.** I concur in the majority's acceptance of the special judge's findings of fact, but I respectfully dissent on the appropriate sanction. McCallister's intentional misconduct spanned at least thirteen years, and in my view, that misconduct merits more than a nine-month suspension of his law license.

The following facts are helpful to understand McCallister's egregious behavior.

| | |
|---|---|
| 2001–2015 | The Department of Finance and Administration ("Department") did not receive a timely income-tax return from McCallister for more than one decade, with the exceptions of tax years 2004 and 2014. |
| Jan. [1], 2009 | McCallister took office as a circuit-court judge for the Twenty-Second Judicial District. |
| Sept. 25, 2015 | McCallister provided deposition testimony in his divorce proceeding that he had not filed income-tax returns for "most of the years" from 1995 to 2014. |
| July 11, 2017 | McCallister was charged by criminal information with four counts of failure to pay or file Arkansas income-tax returns, in violation of Arkansas Code Annotated |

|              |                                                                                                 |
|--------------|-------------------------------------------------------------------------------------------------|
|              | section 26-18-202, for tax years 2011, 2012, 2013, and 2015.                                     |
| July 14, 2017 | McCallister delivered to the Department income-tax returns for the years 2010, 2011, 2012, 2013, and 2015.[1] |
| July 17, 2017 | McCallister was temporarily suspended from the office of circuit-court judge.                    |
| Dec. 15, 2017 | McCallister resigned his position as circuit-court judge.                                        |
| Dec. 19, 2017 | McCallister entered a no-contest plea, pursuant to Act 346 of 1975, to one count of failure to file an Arkansas income-tax return. |

Under section 13(D) of the Arkansas Supreme Court Procedures Regulating Professional Conduct, we shall accept the special judge's findings of fact in disbarment proceedings unless they are clearly erroneous, and we shall impose the appropriate sanction, if any, as the evidence may warrant. *See Ligon v. Davis*, 2012 Ark. 440, at 5, 12, 424 S.W.3d 863, 866, 870 (ordering a five-year prospective suspension). However, we refrain from comparing sanctions imposed in other attorney-discipline cases. *Id.* at 9, 424 S.W.3d at 868–69.

For a period of thirteen years, McCallister failed to timely file his state income-tax returns. His misconduct continued for years after he took the bench in 2009. Although it came to light in a September 2015 deposition, he did not at that point attempt to right his past wrongs, and he did not correct his behavior moving forward by timely filing his 2015

---

[1]There was conflicting testimony at the April 2019 disbarment hearing about whether McCallister belatedly filed income-tax returns for tax years 2008 and 2009 that same day.

income-tax return. Instead, he waited almost two more years, until three days after the felony information was filed against him, to file any belated returns. And according to a Department auditor that testified at the April 2019 hearing, there were still several years for which the Department had no records of McCallister filing a state income-tax return.

Thus, in my view, a nine-month suspension is an inadequate sanction. McCallister's repeated and intentional misconduct, particularly while he was a sitting judge, undermined the public's trust in our judiciary. To that end, I would impose a five-year suspension of his license to practice law.

**ROBIN F. WYNNE, Justice, concurring in part and dissenting in part.** I would adopt the special judge's findings of fact, but I must respectfully dissent because I believe the appropriate sanction for McCallister is a longer suspension of his license to practice law.

The purpose of disciplinary actions is to protect the public and the administration of justice from lawyers who have not discharged their professional duties to clients, the public, the legal system, and the legal profession. *Ligon v. Walker*, 2009 Ark. 136, at 20, 297 S.W.3d 1, 11. McCallister was a sitting judge when he chose not to file his tax returns—not once, not twice, but repeatedly. His misconduct may not have harmed clients, but it harmed the administration of justice. And judges, in particular, should be held accountable for violating the law. According to numerous witnesses, McCallister is a well-respected member of the community and a dedicated volunteer at his local school and

11

church. But he still chose to break the law for several years, and his good works cannot diminish the gravity of his illegal activity.

Considering the evidence, I would impose a suspension of eighteen months. Such a sanction would hold McCallister accountable for his misconduct and promote public confidence in our judiciary.

I respectfully dissent.

*Michael Harmon*, Office of the Committee on Professional Conduct, for petitioner.

*Jeff Rosenzweig*, for respondent.